Hillsborough,
June, 1898.

PRITCHARD, *Adm'x*, v. AUSTIN & a., *Ap'ts.*

Whether photographs are sufficiently identified as correct representations of their subjects to authorize their admission as evidence, is a question of fact to be determined at the trial term.

APPEAL, from a decree of the probate court approving and allowing the will of Jeremiah White, on the grounds (1) that the testator was not of sound mind when he executed the will, and (2) that he was induced to execute the same by undue influence, over-persuasion, and artful misrepresentation on the part of his wife, Ann M. White, her children, and others interested therein. Trial by jury.

The testator died at Nashua, July 22, 1892, at the age of seventy-one years. The will under consideration was executed September 18, 1890, and a codicil thereto, July 3, 1891. The plaintiff offered in evidence a former will of the testator, dated December 23, 1882, as tending to show "an expression of his feelings." The defendants objected on the ground of remoteness. The court allowed the will to be received in evidence, and the defendants excepted.

The plaintiff offered in evidence photographs of the testator and his wife, Ann M., as tending to show "the character, vigor, temperament, and disposition of these people, as touching the question of undue influence." Evidence was offered tending to show that the photographs correctly represented the subjects up to very near the last days of their lives, when in fair health. It did not appear when the photographs were taken. The defendants objected to the photographs being shown to the jury without proof of the time when they were taken. The court received

the photographs in evidence and allowed the jury to examine them, and the defendants excepted.

The defendants offered to show that the testator owned over one quarter of the stock of the White Mountain Freezer Company, and that there were no sales in the open market by which its value could be determined. They offered to show the value of this stock at the date of his death by showing the net earnings of the company for a series of years, both before and after that date. They also offered to show the value of the plant and the character of the business. It had already appeared in evidence that the testator owned over one quarter of this stock, and that there had been sales thereof in open market with prices given, and the defendants were permitted to submit further evidence upon these points. The plaintiff offered no objection to the defendants showing the net earnings of the company up to the time of the testator's death, but did object to the showing of the net earnings of the company after the testator's death, or of the present value of the stock or plant. The court sustained the objection on the ground, among others, that the evidence was too remote, and the defendants excepted.

After the testator's death, in the envelope containing the will in question, was found a letter of instruction, without signature, in the handwriting of the scrivener of the will and addressed to the executrix, directing the successive steps to be pursued in the proving of the testator's will and the settlement of his estate. Subject to the defendants' exception, the plaintiff was allowed to put this letter in evidence, as tending to show, from its nature and the place in which it was found, the condition of the testator's mind.

In argument, counsel for the plaintiff stated, in substance, that Mrs. White's death had been hastened by the litigation begun by the defendants, concerning which allegation there was no evidence, and the defendants excepted. Counsel for the plaintiff thereupon withdrew the accusation. The court found, as matter of fact, that the jury were not influenced by these remarks and their withdrawal.

There being no evidence of "undue influence, over-persuasion, and artful misrepresentation" to submit to the jury, the court directed a verdict upon this issue for the plaintiff, and the defendants excepted. The issue as to the testator's soundness of mind was submitted to the jury, who returned a verdict for the plaintiff.

*Charles H. Burns, George B. French, Charles J. Hamblett*, and *E. S. & H. A. Cutter*, for the plaintiff.

*Henry B. Atherton*, for the defendants.

Parsons, J.   Whether the photographs were sufficiently identified was a question of fact, the determination of which at the trial term is not open to exception.   *Blair* v. *Pelham*, 118 Mass. 420.   The material question being whether the photographs were truthful representations of the subjects at the time of the alleged undue influence, no reason appears why evidence from personal acquaintances might not satisfactorily establish the fact.   When in point of time the photographs were taken might also be evidence upon this question, but such evidence would not be conclusive and is not essential.

The other exceptions to the rulings admitting and excluding evidence present no question of law.   Whether the evidence offered — the former will of the testator, the net earnings of the Freezer Company after the death of the testator, and the unsigned letter of instruction addressed to the executrix, found after the testator's death in the envelope containing the will in question — had or had not any legitimate bearing of the character claimed upon the issues submitted to the jury, were questions of fact determinable at the trial term.   The exclusion of evidence on the ground of remoteness which may properly be excluded on that ground is not error.   Neither does an exception lie on this ground to evidence admitted.   *Beekman* v. *Souther*, 68 N. H. 381; *Hart* v. *Lockwood*, 66 N. H. 541; *Morrill* v. *Warner*, 66 N. H. 572; *Cook* v. *New Durham*, 64 N. H. 419; *Darling* v. *Westmoreland*, 52 N. H. 401, 411; *Haines* v. *Insurance Co.*, 52 N. H. 467; *Hovey* v. *Grant*, 52 N. H. 569; *Palmer* v. *Concord*, 48 N. H. 211, 219; *State* v. *Railroad*, 58 N. H. 410.

The objectionable remark of counsel having been withdrawn by him, as it appears by an affirmative finding of the court that the jury were not influenced thereby, the exception must be overruled.   *Furnald* v. *Burbank*, 67 N. H. 595.

Whether any evidence was offered upon which the jury might properly have found for the appellants upon the issue of undue influence cannot be determined from the reserved case.   Counsel have not called our attention to any portion of the evidence, or submitted any minutes of the testimony.   The exception to the verdict ordered for the appellee upon this issue must therefore be regarded as waived.   *Tabor* v. *Judd*, 62 N. H. 288, 293; *Lobdell* v. *Marshall*, 58 N. H. 342; P. S., c. 204, s. 14.

*Exceptions overruled.*

Pike, J., did not sit: the others concurred.