Hillsborough,  ⎱
Dec. 7, 1915.  ⎰

## DENNIS SHEA v. HILLSBOROUGH MILLS.

Any prejudicial fact that is not relevant to one of the various issues in the case is inadmissible as matter of law, whether introduced to prove the main issue or to discredit a witness.

Thus, where the credibility of a witness is not in issue as to any matter in evidence or proposed to be shown in evidence, testimony drawn from him on cross-examination by the party calling him, and bearing on the credibility of the witness, is a sufficient ground for setting aside a verdict if the evidence is prejudicial to the opposite party, though the cross-examination was permitted by the trial court on the ground of the hostility of the witness to the party calling him.

In such a case, an instruction of the court limiting the application of the prejudicial evidence to the issue of credibility, when such issue has never existed, does not remove the prejudicial effect of the testimony but tends merely to confuse and mislead the jury.

CASE, for personal injuries sustained by the plaintiff while in the defendants' employ. Trial by jury and verdict for the plaintiff. The action was begun by Shea in his lifetime and since his death has been prosecuted by his administrator. Transferred from the September term, 1914, of the superior court by *Chamberlin*, J.

The plaintiff's counsel was permitted to cross-examine a witness summoned by him, after stating to the court that he was called for the purpose of showing the condition of Shea's health a few days before. In the course of the examination the defendants' counsel objected to certain questions, on the ground that the employment of the witness by a liability insurance company might be disclosed; but the court, subject to exception, declined to so limit the examination, and the facts sought to be suppressed were laid before the jury. Counsel for the plaintiff declared that the questions objected to were asked for the sole purpose of discrediting the witness, and the court instructed the jury that they must not consider the fact of the witness' employment upon the question of liability, but only as bearing upon his credibility. The court found that the witness was hostile to the plaintiff. The testimony of the witness was conceded by the plaintiff to be true.

*Doyle & Lucier* (*Mr. Lucier* orally), for the plaintiff.

*Branch & Branch* (*Frederick W. Branch* orally) for the defendants.

That the evidence was, as a matter of law and common knowledge, prejudicial to the defendant and that its admission constituted reversible error is borne out by the authoritie's of many states: *Sawyer* v. *Arnold Shoe Co.*, 90 Me. 369; *Iverson* v. *McDonnell*, 36 Wash. 79; *Eckhart &c Co.* v. *Schaefer*, 101 Ill. App. 500; *George A. Fuller Co.* v. *Darragh*, 101 Ill. App. 664; *Tremblay* v. *Harnden*, 162 Mass. 383; *Virginia-Carolina &c Co.* v. *Knight*, 106 Va. 674, 681; *Viou* v. *Brooks &c Co.*, 99 Minn. 106; *Coe* v. *VanWhy*, 33 Col. 315, 320; *Herrin &c Co.* v. *Daly*, 80 Miss. 340; *Rodzborski* v. *Am. Sug. &c Co.*, 210 N. Y. 262; *Simpson* v. *Foundation Co.*, 201 N. Y. 479; *Cosselmon* v. *Dunfee*, 172 N. Y. 507; *Loughlin* v. *Brassil*, 187 N. Y. 128; *Hordern* v. *Salvation Army*, 124 App. Div. 674; *Haigh* v. *Edelmeyer &c Co.*, 123 App. Div. 376; *Manigold* v. *Black River &c Co.*, 81 App. Div. 381.

YOUNG, J. The test to determine the competency of evidence is not to inquire how the facts were brought to the attention of the ·triers, but whether they were capable of aiding them. It follows, therefore, that any prejudicial fact that is not relevant to one of the various issues in the case (using "issue" as it is used in *Darling* v. *Westmoreland*, 52 N. H. 401, and not. as in *King* v. *Chase*, 15 N. H. 9) is inadmissible as matter of law. This is true whether the evidence is introduced to prove the· defendants' fault or to discredit a witness. The court, therefore, erred in permitting the plaintiff to show that the employers of the witness were the real defendants, unless his credibility was in issue. The test to decide that question is to inquire whether there was any contest on the part of the plaintiff as to the truth of his testimony—not whether he was hostile or friendly. It must be held, therefore,.that the credibility of·the witness was not in issue; for the plaintiff does not contend that the testimony was false, or that he was surprised by it. The fact that the credibility of the witness was not in issue distinguishes this case from *Genest* v. *Company*, 75 N. H. 509.

The plaintiff also seeks to justify his cross-examination of the witness on the ground of his hostility. If it can be found that the witness was hostile, within the meaning of the rule which permits a party to cross-examine a witness called by him, it does not help the plaintiff; for the purpose of such a cross-examination is to aid the triers in their search for the truth. Therefore, the exception to the ruling permitting the plaintiff to cross-examine the witness raises the question whether it could be found that such procedure would

aid the jury, and all fair-minded men must agree that it cannot be so found.　In other words, all fair-minded men must agree that permitting the plaintiff to cross-examine the witness for the sole purpose of showing that his employers were the real defendants could not aid the jury in their search for the truth.　The evidence was therefore erroneously admitted in any view of the law, whether it was admitted as a matter of right or as matter of discretion; for it was not only incapable of aiding the jury, but was calculated to direct their attention to prejudicial facts.　In fact, the latter was the sole purpose for which the evidence was introduced.

There must, therefore, be a new trial unless the court's instructions limiting the application of the evidence to the issue of credibility remedied the error.　It cannot be held, however, that those instructions prevented the evidence from having its intended effect; for since the credibility of the witness was not in issue, the instructions limiting the applicability of the evidence could not aid the jury, but tended to confuse and mislead them.

*Exception sustained.*

All concurred.