Hillsborough,
June 29, 1918.

### HENRY E. PARKER v. NEW BOSTON.

An exception to the admission of a photograph in evidence on the ground that it does not show the conditions existing at the time of an accident presents no question of law.

A road supported by a vertical wall of stones about eleven inches high may constitute an embankment, within the meaning of the statute of highways, and whether such construction required a railing is a question for the jury.

An argument of counsel commenting on the failure of the opposite party to offer experimental evidence, but stating no fact not in evidence, is not exceptionable.

A verdict will not be set aside on the ground that counsel has stated a fact not in evidence, if the fact be immaterial and has no tendency to confuse or prejudice the jury.

CASE, for injuries caused by a defective highway. Trial by jury and verdict for the plaintiff. The defendant excepted to the admis-

sion of a photograph of the plaintiff's vehicle on the ground that the picture did not show the condition of the vehicle at the time of the accident, to the denial of its motions for a nonsuit and a verdict and to statements of plaintiff's counsel in argument.  The facts appear from the opinion.  Transferred by *Allen*, J., from the May term, 1917, of the superior court.

*Robert W. Upton* and *John M. Stark*, for the plaintiff.

*James P. Tuttle*, for the defendant.

PARSONS, C. J.   The exception to the admission of the photograph as evidence does not raise a question of law.  *Pritchard* v. *Austin*, 69 N. H. 367.

The plaintiff met an automobile upon the highway and turned out to pass.   In so doing the wheels of his wagon went over the edge of the road where it had been built up with stones to hold the shoulder.  The vertical drop was 10.8 inches and the edge of the wall was about one foot from the traveled path.   The plaintiff was thrown from his wagon and struck on a stone wall beside the road.   At the time, the space between the traveled part of the way and the wall was filled with vegetation and apparently safe for travel.   The defendant's motions for a nonsuit and a verdict were upon the ground that the evidence did not disclose, as the cause of the injury, a dangerous embankment defectively railed within the meaning of the statute.  Laws 1893, c. 59, s. 1.   The road supported by the vertical wall of stones substantially eleven inches high could be found to be an embankment.   *Wilder* v. *Concord*, 72 N. H. 259, 264.   There was no railing.   Whether the construction presented a dangerous condition which, obscured by vegetation, was so likely to cause injury in the use of the way that a railing should have been erected was a question of fact for the jury.   The opinion of the road-builders, called by the defendant, if competent, was not conclusive.   The jury had a view and it was for them to say upon the testimony and their examination of the road whether the highway was unsuitable for the travel upon it because of the lack of a railing.   *Seeton* v. *Dunbarton*, 72 N. H. 269, 271.   It cannot be said that, as in *Wilder* v. *Concord, supra,* a railing would obstruct the highway.

The exceptions to argument are not well founded.   Whether the inference which counsel asked the jury to draw from the defendant's failure to offer experimental evidence of the capacity of the highway

at the place of accident for the passage of meeting automobiles and teams could be drawn, was a question of law.   Counsel stated no fact not in evidence.

The statement, "They criticised us for not having Mrs. Parker in here when she is at home with three children," was, counsel making it claim, so far as it involves an assertion as to Mrs. Parker's location, an inference from the evidence that plaintiff lived with his wife and had three children at home.   But if it be assumed the assertion was testimony as to a fact not in evidence, the error does not require the destruction of the verdict.   The three children were boys between eight and thirteen years of age.   There was nothing in the case tending to show, and counsel did not claim, there was anything in the mother's care of children of this maturity which would necessarily prevent her attendance at the trial.   The statement that Mrs. Parker was at home under such circumstances had no tendency to explain her non-attendance.   It was entirely immaterial upon the issue upon which counsel offered it, had no tendency to confuse or prejudice the jury, and was in effect an admission that she could have been produced, as the defendant appears to have claimed she should have been.   A verdict will not be set aside for the admission of immaterial evidence unless it is clear it must have influenced the jury.   *Cook* v. *Brown*, 34 N. H. 460, 470; *Rowell* v. *Hollis*, 62 N. H. 129.   The statement of unproved facts in argument, which avoids a verdict, is of .facts material upon some issue in the case, or if wholly irrelevant such as are calculated to prejudice the jury.. *Story* v. *Railroad*, 70 N. H. 364, 376, 387.

*Exceptions overruled.*

All concurred.