Carroll,
May 3, 1921.

## JUSTUS W. WILLIAMS *v.* UNITED BOX & LUMBER COMPANY.

In an action under the employers' liability act, certain evidence was properly submitted to the jury to determine whether or not the injury to the plaintiff's eye was due to the negligence of defendant's employee in allowing a board to come into contact with a saw and whether the plaintiff was at fault.

A verdict will not be set aside on account of the statement of irrelevant facts by counsel in argument when it is improbable that the statement produced the verdict.

CASE, for negligence under the employers' liability statute. Trial by jury and verdict for the plaintiff. The plaintiff, who was employed by the defendants to run their board-saw, was struck in the eye by a piece of wood which came from the saw. It was the duty of the man they employed to take away the boards, not to allow anything to come in contact with the saw, but he permitted small slabs to accumulate near it and occasionally struck it with a board. The defendants excepted to (1) the denial of their motion for a directed verdict and (2) remarks of plaintiff's counsel. A bill of exceptions was allowed by *Kivel*, C. J., at the May term, 1919, of the superior court. The facts and evidence relevant to the exceptions are stated in the opinion.

*William N. Rogers* (by brief and orally), for the plaintiff.

*Doyle & Lucier* (*Mr. Lucier* orally), for the defendants.

YOUNG, J. The defendants say it cannot be found, (1) that any act of theirs or of their employees caused the plaintiff's injury, and

(2) that he was not guilty of contributory negligence. They base their first contention on the proposition that it is as probable the piece of wood which injured the plaintiff came from the carriage as that it came from the saw-table or from a board. If it came from the carriage, it cannot be found that the defendants are liable, but if it came from either the saw-table or a board which the defendants' employee carelessly brought in contact with the saw, it can be found they are liable, for it was his duty not to permit anything to come in contact with the saw.

The evidence relevant to that issue tended to prove there was nothing on the carriage when the accident happened, but that there were several small slabs on the saw table and that the defendants' employee struck the saw with a board just as the accident happened. It can be found, therefore, that the piece of wood which injured the plaintiff came from either a slab or a board. In other words, the evidence warrants the finding that the accident would not have happened but for the misconduct of the defendants' employee.

The defendants base their second contention on the proposition that the danger to which the plaintiff knew he was exposed was so imminent that the ordinary man would not have encountered it. This plaintiff knew that the man behind the saw allowed slabs to accumulate in close proximity to it and that he sometimes struck it with a board. He also knew that if anything came in contact with the teeth of the saw he might be injured. In other words, the plaintiff knew the man behind the saw was either negligent or incompetent, and that if he permitted a slab or a board to come in contact with the teeth of the saw he (the plaintiff) might be injured. These facts, however, do not help the defendants, for the burden is on them to prove that the plaintiff was guilty of contributory negligence. Consequently, they fail unless the court can say all fair-minded men must agree that the ordinary man in the plaintiff's situation would have refused to operate the saw, and it is obvious that cannot be said.

Plaintiff's counsel, after stating that defendants' counsel was from Nashua, said: "I did n't know but what he was going to keep on all day long with him; and that may be the way he does in Nashua, but I am going to ask you if you are going to allow him to come here to Carroll county . . . and put questions to this man, Mr. Williams from Tamworth, . . . without making allowance for the . . . difference between his command of the situation . . . and the situation of this unfortunate old gentleman." Although the fact there was noth-

ing to show where the defendants' counsel came from, except the statement of the plaintiff's counsel that he came from Nashua, made the statement illegal, it in and of itself furnishes no sufficient reason for disturbing the verdict.

In other words, while a verdict will be set aside on account of the statement of irrelevant facts which are intended to excite prejudice when it is probable they had their intended effect, *Shea* v. *Hillsborough Mills*, 78 N. H. 57, that will not be done when, as in this case, it is improbable that the statement produced the verdict. *Parker* v. *New Boston*, 79 N. H. 54.

*Exceptions overruled.*

All concurred.