THE PHENIX MUTUAL LIFE INSURANCE CO. *v.* CLARK.

When the intention with which an act is done is a relevant fact, a witness may testify, directly, with what intention and under what controlling influence he acted, as well as he may testify to doing the act.

A deposition may be read to the jury as evidence of a material declaration or admission of the deponent, notwithstanding the deponent is present in court and ready to testify. In such case it is unnecessary to inquire of the deponent whether he has made such an admission or declaration, before resorting to direct proof of the fact.

DEBT, on a bond, signed by one Dudley, an agent of the plaintiffs, as principal, and by one Moore, the general agent of the plaintiffs, the defendant, and others as sureties. There was evidence tending to show that Dudley, at and prior to the date of the bond, was largely indebted to the plaintiffs. Subject to the plaintiffs' exception, the defendant was permitted to testify that he would not have signed the bond if he had known of this indebtedness, and if Moore had not previously signed the bond as a surety. He testified that on several occasions, prior as well as subsequent to the date of the bond, Moore had informed him, in substance, that Dudley was doing business successfully and to the satisfaction of the company; and there was other evidence, unnecessary to be here recited, tending to sustain the position of the defendant that his signature was obtained by the fraudulent representations of Moore.

The defendant offered in evidence a deposition of Moore, taken in the cause, which was objected to on the ground that Moore was present in the court and ready to testify; but the court ruled it to be competent as an admission of the general agent of the corporation, and the plaintiffs excepted. There was a verdict for the defendant, which the plaintiffs moved to set aside.

*Lane* and *Sanborn & Clark*, for the plaintiffs.

*Morrison & Clark*, for the defendant.

FOSTER, J. It is competent for a party or other witness to testify with what intention, and upon what operative influence, he did a certain act, whenever the intention and the controlling influence are material. *Norris* v. *Morrill*, 40 N. H. 395, 401; *Hale* v. *Taylor*, 45 N. H. 405.

It is contrary to our practice to permit a deposition to be used on a trial as substantive evidence in the cause, if the deponent is in court, and is produced or offered as a witness by the party objecting to the deposition (*Hayward* v. *Barron*, 38 N. H. 366); but the declarations or admissions of an adverse party may always be shown in evidence;

and it makes no difference whether they are derived from a deposition, or from the testimony of a third person who may have heard them uttered. The statements of Moore contained in the deposition were therefore properly received in evidence, as an admission of the general agent of the corporation, and, as such, binding on the principal. These admissions being relevant to the issue, the defendant was entitled to the benefit of them. We are not aware of any rule or practice requiring that a party should be inquired of, on the witness-stand, whether he had made such an admission, before resorting to direct proof of the fact by other evidence. 1 Greenl. Ev., s. 193 ; *Carr* v. *Griffin*, 44 N. H. 510. The exceptions are overruled.

*Judgment on the verdict.*

STANLEY, J., did not sit.