WOODMAN & a. v. CLAY & ux.

To rebut an inference of fraud, it is competent to show with what intention and under what influences a party may have done or omitted to do a significant act.

BILL IN EQUITY, by judgment creditors of Charles H. Clay, charging that he had conveyed property to his wife in fraud of his creditors, and praying for an account and for the application of the property in discharge of the plaintiffs' judgment. It appearing that the property continued to be taxed to Mr. Clay after he conveyed it to his wife, the defendants excepted to the exclusion of the proffered testimony of Mrs. Clay, that she permitted the property to be so taxed because of her husband's representations to her as to what "the selectmen said about it."

*Tebbetts* and *Copeland & Edgerly*, for the plaintiffs.

*Hobbs* and *Sanborn*, for the defendants.

FOSTER, J. The good faith of the parties to the conveyance was material upon the question of its validity; and the continued taxation of the property to the husband, with the knowledge and consent of his wife, was a significant circumstance affecting that question. It was competent for the defendants to seek to rebut an inference of fraud by showing with what intention, under what influences, and in consequence of what representations Mrs. Clay may have done or refrained from doing a significant act, such as permitting the property to be taxed to her husband. 1 Gr. Ev., s. 101; *Carter* v. *Beals*, 44 N. H. 408, 412; *Graves* v. *Graves*, 45 N. H. 323, 324; *Hale* v. *Taylor*, *ib.* 405, 407; *Phenix Ins. Co.* v. *Clark*, 58 N. H. 164.

*New trial granted.*

SMITH, J., did not sit: the others concurred.