Hillsborough,
June, 1896.

## WASON, *Ap't, v.* BURNHAM, *Ex'r.*

68   553
70   176

In an action against an executor, his admission of the justice of the plaintiff's claim is admissible against him.

APPEAL, from the report of the commissioner on the estate of William Perkins disallowing the plaintiff's claim. Verdict for the plaintiff.

The plaintiff kept the books and collected the accounts of a coal firm at the request of Perkins. After Perkins' death, the defendant, executor of his will, called upon the plaintiff and requested a settlement. Subject to exception, the plaintiff testified that he then paid to the defendant the balance due the estate, told him what he had done, and said he should look to him as executor for pay for his services. The defendant agreed that the plaintiff ought to be paid, and said he would find out what could be done. Afterward he informed the plaintiff that the parties interested were not willing anything should be paid him, and that his bill should be presented to the commissioner.

The plaintiff was asked if he presented any evidence before the commissioner in support of his claim. Objection was made, and he was told not to answer, but, not understanding, inadvertently replied, "No, sir," and the defendant excepted. The court excluded the question and answer, told the jury not to regard the evidence, and instructed them that their verdict was to be returned upon the evidence presented to them, independently of what had been done elsewhere. The court found that the result of the trial was not affected by the evidence excepted to.

*David A. Taggart* and *Elijah M. Topliff*, for the plaintiff.

*Burnham, Brown & Warren*, for the defendant.

CLARK, J. After his appointment as executor of the will of William Perkins, the defendant called upon the plaintiff, and requested a settlement and an examination of his accounts. The defendant excepted to the admission of evidence as to the conversation between the parties at that time. The conversation was between the plaintiff and defendant who are parties of record, it was a part of the *res gestœ*, and the defendant was discharging his duties as executor of Perkins' will in endeavoring to effect a settlement of the plaintiff's account. Under these circumstances, the defendant's admission of the

justice of the plaintiff's claim might properly be shown in evidence. *Tenney* v. *Evans*, 14 N. H. 343. The exception to the question and answer excluded by the court is groundless. The verdict should not be set aside because of an inadvertent answer of a witness, which the court found did not affect the result of the trial.

*Exceptions overruled.*

WALLACE, J., did not sit: the others concurred.