Merrimack, }
April 6, 1920. }

EDWIN D. ROBINSON, *by his next friend*, FRED W. ROBINSON

*v.*

NEW ENGLAND CABLE CO.

In an action upon the employers' liability act, assumption of the risk is not a defence. (Laws 1911, c. 163, s. 2.)

Under that statute contributory negligence cannot be established except by a preponderance of evidence and hence the mere failure of the plaintiff to offer evidence of care, or of facts from which care could be inferred, is immaterial.

Certain evidence held sufficient to warrant a finding that injuries received by an infant employee resulted from directions given to him by his employer, rather than from his own negligence.

When a portion of the deposition of one party is offered in evidence by his opponent, the deponent has the right to read to the jury so much of the deposition as pertains to the same subjects, and tends to qualify, limit, or explain the answers read by his opponent.

CASE, under Laws 1911, c. 163, s. 2, for injuries received while in the defendants' employ. Trial by jury before *Marble*, J., and verdict for the plaintiff. The plaintiff who was seventeen years of age at the time was caught in the gears of a wire-twisting machine which by direction of the defendants he was attempting to oil while in operation. The facts appear in the opinion.

The defendants' motions for a nonsuit and directed verdict were denied subject to exception. Transferred from the April term, 1919, of the superior court, by *Marble*, J.

*Robert W. Upton, John M. Stark* and *Nathaniel E. Martin (Mr. Upton* orally), for the plaintiff.

*Streeter, Demond, Woodworth & Sulloway (Mr. William N. Rogers* orally), for the defendants.

PARSONS, C. J. That the plaintiff assumed the risk of injury from the dangers involved in oiling the going machine, if inferrible from its obvious character, the plaintiff's opportunity to observe and other evidence in the case, is immaterial under the statute. Laws 1911, c. 163, s. 2. That the plaintiff knew and appreciated the danger of the work from which his assumption of the risk could be inferred does not therefore, as the law now is, bar a recovery. Admitting as they necessarily must that the case here is to be considered upon the basis that they instructed the plaintiff to oil the machine while in operation, the defendants do not claim that the plaintiff's attempt to follow their instructions is conclusive evidence of his negligence. The going machine could, if sufficient care were exercised, be oiled without injury. The argument seems to be that as the plaintiff was injured he did not exercise such care. The danger consisted in the possibility that from misjudgment as to position or momentary forgetfulness or inattention some portion of the operator's person or clothing might come near enough to the revolving gears, in close proximity to which the oiling operation was to be performed, to be

caught between them. Whether in a particular case such misjudgment, inattention, or forgetfulness was negligence is plainly a question of fact. Under the statute contributory negligence is not to be established except by a preponderance of evidence. The mere failure of the plaintiff to offer evidence of care or of facts from which care could be found which but for the statute would defeat a recovery is under it immaterial. By the statute the plaintiff prevails on this issue unless there is a balance of evidence against him. He may go to the jury if there is no evidence either way. The conclusion in *Gahagan* v. *Railroad*, 70 N. H. 441, 445 that the question was "whether reasonable men could or might conclude that the plaintiff exercised due care" is overturned by the statute in this class of cases. The care that the plaintiff was bound to exercise was that of a person of his years. *Kambour* v. *Railroad*, 77 N. H. 33, 51. The main controversy in this case was whether the defendants directed the plaintiff to oil the machine while in operation. The jury having found that such directions were given, it cannot be said that their conclusion that the subsequent injury was due thereto and not to the failure of the plaintiff to exercise the care to be expected of a boy of his years is so plainly unreasonable that it can be set aside as matter of law. It would not be unreasonable to conclude that the injury was the natural result of such instructions if given to such an employee.

The defendants having introduced portions of a deposition given by the plaintiff, he had "the right to read to the jury so much of the deposition as pertained to the same subjects, and tended to qualify, limit, or explain the answers read by the defendants." *Whitman* v. *Morey*, 63 N. H. 448, 454.

The defendants having read a statement from the deposition from which an admission of want of care might be argued, the plaintiff was properly permitted to read from the same deposition the statement that he tried to be careful.

*Exceptions overruled.*

PEASLEE, J., was absent: the others concurred.