Hillsborough, }
May 2, 1922. }

WILFRED LACASSE, *by his next friend*, SIMEON LACASSE v. FRED R. ATWOOD.

In an action for injuries by a servant against a master, who has not accepted the provisions of Laws 1911, c. 163, assumption of the risk is not a defence; and the mere failure of the plaintiff to offer evidence of his due care is immaterial, as the plaintiff prevails on this issue unless there is a balance of evidence against him.

CASE, to recover for injuries received while in the defendant's employ. Trial by jury and verdict for the plaintiff.

The defendant had not accepted the provisions of Laws 1911, *c.* 163, which it was conceded applied under the circumstances of the case.

The plaintiff was sixteen years old, and had his fingers cut off by a rabbeting machine upon which he was set at work the day before by the defendant. The defendant's motions for a nonsuit and for a directed verdict were denied subject to exception.

Transferred by *Marble*, J., from the September term, 1919, of the superior court.

The facts relevant to the exceptions appear in the opinion.

*Doyle & Doyle* and *Alvin J. Lucier* (*Mr. Paul J. Doyle* orally), for the plaintiff.

*Timothy F. O'Connor* and *Myer Saidel* (*Mr. Saidel* orally), for the defendant.

PARSONS, C. J. The negligence charged against the defendant is failure to warn the plaintiff, a boy of sixteen years, of the dangers of the work he was directed to perform and to instruct him how to avoid injury therefrom.

It appears to be conceded there was evidence of such negligence. The defendant contends that it conclusively appears that the plaintiff's want of care contributed to his injury. The plaintiff was engaged in passing box covers through a rabbeting machine which cut a groove in the under side of the boards. To effect this it was necessary to press the board firmly upon the table through which the knives projected which cut the groove. The evidence tended to show that a board which the plaintiff was passing through the machine broke as it struck the knives, letting his hand, which was over the knives pressing down the board, onto the knives, thereby causing the injury. There was evidence a cross-grained board was liable to break in this way and that this particular board was such a one. The plaintiff claimed he did not know the danger presented by this kind of a board and so testified. From a portion of his testimony a contrary inference might be drawn. If the jury found he did not know and was not instructed as to the danger, they were authorized to find a verdict for him. As to the last proposition the evidence of the parties was in conflict and it was for the jury to say which story was entitled to credence.

It was also for them to consider all the evidence of the plaintiff and to determine the fact whether at the time of the accident he

knew the particular danger which caused his injury. But if it be assumed they must find that the plaintiff knew the danger presented by a cross-grained board, it does not follow as matter of law he was guilty of negligence because he failed to avoid injury. In the haste of work it is obvious the operator of the machine might not detect a defect of this kind. If the plaintiff knew this danger and continued in the work, it could be held he assumed the risk. *Cronin* v. *Company*, 75 N. H. 319. But under the statute which governs this case assumption of risk is not a defence. *Robinson* v. *Company*, 79 N. H. 398; Laws 1911, c. 163, s. 2, *ad fin.* The danger under such circumstances consisted in the possibility of failure to observe the defect in such a board. "Whether in a particular case such misjudgment, inattention, or forgetfulness was negligence is plainly a question of fact. Under the statute, contributory negligence is not to be established except by a preponderance of evidence. The mere failure of the plaintiff to offer evidence of care or of facts from which care could be found which but for the statute would defeat a recovery is under it immaterial. By the statute the plaintiff prevails on this issue unless there is a balance of evidence against him. He may go to the jury if there is no evidence either way." *Robinson* v. *Company*, *supra*, 400. "As the jury is the only tribunal authorized to weigh evidence, to determine upon which side the preponderance lies, the cases would seem to be few in which the judgment of that tribunal must not be invoked." *Nawn* v. *Railroad*, 77 N. H. 299, 305.

Whether ordinary care would have informed the plaintiff of the character of this particular board is not disclosed by the evidence. The defendant preserved the board for a time but did not produce it before the jury. The plaintiff testified he did not know the board was cross-grained until it broke, and was unable to testify as to an earlier examination of this particular board. As there was no evidence that the cross-grained character of this board would have been apparent upon such examination as could reasonably be given in the progress of the work, or that the plaintiff did not examine it before putting it upon the machine, it cannot be said the material facts essential to finding the plaintiff in fault were conclusively established when there was no evidence tending to sustain them. In the absence of conclusive evidence that the plaintiff knew or ought to have known the character of this board, reasonable men might conclude he was without fault in attempting to put it through the machine.

Apparently the real cause of the plaintiff's injury was the position of his hand over the knives when the board broke. He testified the

defendant told him to hold the board in this manner. If the jury so believed, they could reasonably conclude the plaintiff was not in fault for following the instructions given him. They could also find the defendant was in fault for giving such instructions.

*Exceptions overruled.*

All concurred.