Grafton,
Dec. 4, 1923.

## ABO HILL *v.* PARKER-YOUNG COMPANY.

A master owes his servant the duty to provide proper and sufficient instrumentalities for the performance of the required work and to promulgate and maintain such rules and regulations as are reasonably necessary to safely perform the duties of his employment, and to see that the methods of work adopted and the results arrived at are reasonably safe.

The question of a servant's assumption of the risk is properly submitted to the jury, unless the evidence in favor of the defendant upon that issue is so definite and certain that reasonable men must unanimously decide it adversely to the plaintiff.

Where a heavy door was supported only by a prop, which an uninstructed servant struck and knocked down in the darkness, the question of his assumption of the risk was for the jury.

In an action against a master for injuries to the servant, the burden of proving contributory negligence is upon the defendant.

CASE, for negligence. Trial by jury, who had a view of the place of the accident, and verdict for the plaintiff. While the plaintiff, an employee of the defendants, was assisting in removing lumber from the defendants' dry-house, a heavy movable door fell upon him, causing the injury complained of. Further facts appear in the opinion. The defendants have accepted the provisions of the employers' liability act (Laws 1911, *c.* 163), and this is, therefore, a common-law action. The defendants' motions for a nonsuit and a directed verdict were denied by *Kivel*, C. J., and the defendants excepted.

*Murchie & Murchie* and *Clark B. Frost*, (*Messrs. Alexander* and *Robert Murchie* orally), for the plaintiff.

*Alvin J. Lucier* and *George W. Pike* (*Mr. Lucier* orally), for the defendants.

PLUMMER, J. The plaintiff was employed by the defendants to run a band saw, but at the time of the accident he had been ordered by his foreman to assist in removing some lumber from the dry-house. The dry-house was a long building running north and south, containing eight kilns. The lumber to be put in the kilns was loaded on trucks, and run into the kilns on the east side, and taken out on the west side. A car called a transfer car ran through the dry-house on its west side, and these trucks were run from the kilns directly

onto the transfer cars, and then taken to the mill. In front of the kilns were heavy, movable doors weighing three to five hundred pounds. When a truck was to be taken from a kiln, a hanger located over the door and running on a track, was fastened onto the door, by which it was lifted up and run in front of the door next to it. Ordinarily the hanger was left on the door until the truck was placed on the transfer car, when the door was returned to its place. On the day of the accident, the second truck of lumber in kiln two was wanted, and the door of kiln two was removed by means of the hanger to the front of kiln three. The hanger was removed, and a board some twelve feet long was put against the door to prevent it from falling. The first truck in kiln two was then taken out, and the hanger was attached to the door of kiln one, and run in front of kiln two, and the truck was run into kiln one, then the door of kiln one was placed back in position, and the truck of lumber desired was run from kiln two onto the transfer car. It was the next step in the work when the accident occurred. The plaintiff's evidence tended to establish the following facts. The plaintiff had been engaged about the transfer car, loading thereon the truck of lumber from kiln two. After which he started to close the door of kiln two, which was in front of kiln three. As he went towards the door, he looked back to see if anyone was coming to assist him, and ran into and knocked down the board that supported the door, which fell upon him, and he received the injuries complained of. The dry-house where the accident occurred was quite dark, and one could not see much when he first entered the place, and the plaintiff had been there only a few minutes at the time of the accident. The plaintiff had never assisted before at a double transfer, as this opera-tion was called, or received any instructions about it, and had never seen a kiln door taken off and left standing without a hanger attached to it. Boards such as were used to prop the door were lying about the place and sometimes standing against the kiln doors, but the plaintiff had never known of their being used to support a door removed from its place and unattached to a hanger. The truck of lumber could have been taken from kiln two without leaving a door standing without a hanger. Another hanger might have been pro-vided, or a device for holding a door securely when taken from its place could have been obtained at a small expense. There were no rules nor regulations in reference to moving trucks of lumber from the kilns to the transfer car, but when a double transfer had been made, it had been customary to do it as the one in question was done.

The defendants owed the plaintiff the duty to provide proper and sufficient instrumentalities for the performance of the required work and to promulgate and maintain such rules and regulations as were reasonably necessary to safely perform the duties of his employment. "The company was certainly bound to see that the methods adopted and the results arrived at were reasonably safe." *Carpenter v. Company*, 80 N. H. 77, 79. Considering these facts which the jury were warranted in finding — that the dry-house was dimly lighted and quite dark, the great and dangerous weight of the large doors which the operatives were called upon to move and the haste in taking the lumber from the kilns so that the heat might not escape through the opening of the doors for a longer period than was absolutely necessary — it could be found that the defendants should have had and enforced a rule that whenever a kiln door was removed from its place, the hanger should not be removed until the door had been returned to its regular position, or if it was necessary upon some occasions to remove the hanger from the door, then a device should have been provided whereby the door could have been securely fastened. In other words, the evidence warrants the conclusion that one of those large, heavy kiln doors weighing from three to five hundred pounds should never have been left unfastened, standing against a kiln with nothing to prevent it from falling except a board placed against it which might very easily be knocked down. It cannot, therefore, be said that the evidence conclusively demonstrates that the defendants were not guilty of negligence, and that the court wrongfully invoked the judgment of the jury upon this issue. It is contended by the defendants that the plaintiff cannot recover because the accident was caused by a danger incident to his employment, of which he assumed the risk. "The plaintiff assumed the risk of the dangers of his employment which he knew of and appreciated, or which would have been disclosed to him by the exercise of due care." *Cassidy v. Corporation*, 79 N. H. 427, 429, and cases there cited.

It cannot be said that the evidence conclusively established that the plaintiff knew and appreciated the danger that caused his injury, or that due care would have disclosed it to him. He testified that he had never assisted at a double transfer before, and had never seen a kiln door removed from its place and left standing with nothing to prevent it from falling, except a board placed against it. It could be found that he did not know and appreciate the danger of the door falling upon him if the board was dislodged. He sup-

posed the hanger was on the door. It is said he should have known the hanger was not on the door, because it was on another door. But the place was quite dark, the work was done in haste, and he had never seen a door propped up without a hanger, and it cannot be held that he was guilty of negligence in failing to discover that there was no hanger on the door. "The question whether the plaintiff assumed the risk was properly submitted to the jury, unless the evidence in favor of the defendants upon that issue is so definite and certain that reasonable men must unanimously decide it adversely to the plaintiff. *Minot* v. *Railroad*, 74 N. H. 230. If there is a reasonable opportunity upon this issue for a difference of opinion among ordinary men, then it is the judgment of the jury, and not of the court, that should be invoked." *Cassidy* v. *Corporation, supra.*

It is also urged that the plaintiff was guilty of contributory negligence, and therefore that he cannot maintain this action by reason of his own carelessness. The burden of proving contributory negligence is placed by statute upon the defendants. Laws 1915, c. 148. It is claimed that the plaintiff was negligent in running against and knocking down the board that supported the kiln door. When it is taken into consideration that upon the evidence it could be found that the plaintiff was inexperienced in the work of making a double transfer, that he had received no instructions relating thereto, that the work was done in haste in a dimly lighted place, that he had never seen a board used to prop one of those large kiln doors, and that such boards were all about the place and sometimes standing against kiln doors, it cannot be held that all reasonable men would agree that the defendants had sustained the burden of proof upon this issue, and that the plaintiff must be found guilty of negligence. It is true that the accident might have been caused by the inattention or forgetfulness of the plaintiff, but that would not prevent the submission of this question to the jury, "Whether in a particular case such misjudgment, inattention, or forgetfulness was negligence is plainly a question of fact. Under the statute, contributory negligence is not to be established except by a preponderance of evidence. The mere failure of the plaintiff to offer evidence of care or of facts from which care could be found which but for the statute would defeat a recovery is under it immaterial. By the statute the plaintiff prevails on this issue unless there is a balance of evidence against him. He may go to the jury if there is no evidence either way." *Robinson* v. *Company*, 79 N. H. 398, 400. "As the jury is the only tribunal authorized to weigh

evidence, to determine upon which side the preponderance lies, the cases would seem to be few in which the judgment of that tribunal must not be invoked." *Nawn* v. *Railroad*, 77 N. H. 299, 305; *Lacasse* v. *Atwood*, 80 N. H. 384, 386. The case was properly submitted to the jury.

*Exceptions overruled.*

All concurred.