Hillsborough, }
June 27, 1929. }

JAMES ZOGOPLOS, *Adm'r, v.* CLARA N. BROWN *& a.*

*Ferdinand Farley* and *Osgood & Osgood* (*Mr. Clinton S. Osgood* orally), for the plaintiff.

*Tuttle, Wyman & Starr* (*Mr. Robert P. Booth* orally), for the defendants.

ALLEN, J. I. The first exception is without merit. *Glines* v. *Smith*, 48 N. H. 259, 273; *Ordway* v. *Haynes*, 50 N. H. 159, 165; *Hoxie* v. *Walker*, 75 N. H. 308, 313. If the objection to the form of the question as leading had been made when it was asked, it would be here considered only on the point whether the trial court had abused its discretion in admitting it in such form. *Severance* v. *Carr*, 43 N. H. 65; *Wells* v. *Company*, 48 N. H. 491, 540; *Gerrish* v. *Gerrish*, 63 N. H. 128.

II. The plaintiff testified that he saw the accident happen. In a deposition he gave testimony which may fairly be construed as a statement that instead of seeing it he was writing at the time. The exception raises the question whether the defendants' rights were impaired by the refusal to authorize the treatment of the statement as an admission and so as to enhance its contradictory force.

The plaintiff concedes that admissions of a party are evidence of their truth while extrajudicial statements of witnesses not parties are not, but says that the difference is here of no consequence. His position is that the issue to which the instruction related is whether or not he saw the accident and that as the affirmative of the issue rests on him, it is as well and fully met and overcome by the evidence of his statements that he did not see the accident as by such evidence together with the further evidence that such statements are true. The issue being only the collateral one of impeaching testimony, he asserts that if inconsistent statements are proved, nothing is added strengthening the impeachment by showing that the statements are true.

It would seem a simple answer to the plaintiff's argument that the pertinent issue being whether he saw the accident, the truth of his statements that he did not see it is as relevant on the negative side of the issue as the fact of making the statements. And the argument is further weakened by the affirmative character of the statements as being of an engagement of attention at the time otherwise than in observing the accident. The statements went further than a denial of seeing the accident and as admissions tended to show what he was doing that kept him from seeing. While such conduct was material to no issue in the case except that of impeaching his testimony that he saw the accident, it was materially relevant thereto. His testimony that he saw the accident was refutable by the testimony of other witnesses who might have observed him as well as by evidence that he had made statements inconsistent with his claim of seeing.

And his statements in his deposition were evidence combining both these elements of refutation.

The rule that extrajudicial statements of witnesses not parties are evidence, not of their truth, but only to discredit their testimony (*Lydston* v. *Company*, 75 N. H. 23, 25; *Hobbs* v. *Company* 75 N. H. 73, 74) is an application of the hearsay principle which carries logic to extremes at the expense of ordinary processes of reasoning. That testimony may be discredited or rejected by showing the witness' extrajudicial statements in contradiction but without permitting any finding of the truth of such statements, seems a technical distinction to the lay mind. Nevertheless it is the law here and everywhere. Wig., Ev. (2d *ed.*), s. 1018. It means that for purposes of impeachment in such cases no belief in the truth of the contradictory statements is permitted, but only belief that they were made. And it is only the fact that they were made that can be argued to discredit the testimony. The logic is that the credit of the testimony is impaired because the witness has given a different version of the subject-matter of his testimony, wholly without consideration of the truth of such version. The testimony is not disproved but is discredited. If the contradictory statements are proved, falsehood on the part of the witness is proved, and he thus becomes a discredited witness so as to invite disregard of his testimony. It is a fair argument that one who gives varying accounts of an occurrence throws a cloud on the reliance to be placed on any particular account of it.

In proof of the issue it is not a choice between adoption of the testimony and acceptance of the extra-judicial statements, but a choice between adoption and rejection of the testimony because the witness has been inconsistent. On the issue whether the inconsistent statements were made, explanation of them is relevant, and in discretionary authority over collateral matters whatever bears on their force and significance may be received in evidence. Why and under what circumstances and with what meaning the statements were made, is all of pertinence in connection with the fact of contradiction. *Ordway* v. *Haynes*, 50 N. H. 159, 165; *Whitman* v. *Morey*, 63 N. H. 448, 454; *Robinson* v. *Company*, 79 N. H. 398, 400. But whether the statements are true or untrue is not to be considered. This must not be a matter of inquiry, for to make it such necessarily leads to and includes a finding of the truth or otherwise of what the statements asserted.

As a method of impeachment, the reasoning is the same as that discrediting testimony by showing the reputation of the witness as

a liar. Just as liars in general are unworthy of belief, so is testimony about a matter in respect to which the witness is shown to have falsified. Whether the falsehood takes place on or off the witness stand is immaterial in passing on this isolated and incidental issue of impeachment. If it is shown by his varying accounts that the witness has falsified either in his testimony or elsewhere, a fact has then been established to be given its proper weight in passing upon the major issue of the truth of the testimony.

Bearing in mind this major issue, it is apparent that if there is evidence not only of statements inconsistent with the testimony but also of the truth of such statements, the argument against the truth of the testimony has greater weight and force. The testimony is thereby subjected to stronger attack, since the jury has a real choice between adoption of the testimony and acceptance of the facts asserted in the extra-judicial statements. Proof of inconsistent statements may not be, while evidence of their truth may make them sufficient to satisfy the trier that the testimony is false or at least should not be given acceptance.

Under the instruction given, the defendants were not permitted to use the statement that the plaintiff was writing at the time of the accident as affirmatively showing that he did not see the accident. They were only allowed to use it in the limited way as a statement in conflict with the testimony regardless of its truth or falsity. While it could be argued that the plaintiff did not see the accident because he said he was writing, the further reason that he did not see it because of the fact that he was writing might not be urged. It follows that the defendants were entitled to the requested instruction that the inconsistent statements were evidence of their truth, if the statements are to be regarded as evidence of admissions.

As to this, the law appears decisively established in *Profile &c. Company* v. *Bickford*, 72 N. H. 73, where the court says: "If the deposition of the defendant was incompetent as substantive evidence, either because not filed as required by statute or because the deponent was present in court, nevertheless any admissions or declarations of the defendant pertinent to any issue on trial were competent to be proved by the adverse party." If in *Phenix &c. Insurance Co.* v. *Clark*, 58 N. H. 164, the holding that the declarations and admissions of a general agent made in his deposition taken in the cause are evidence against his employer as a party to the cause, may be doubted on the ground that what is said in a deposition may not be properly regarded as statements made within the scope of the agency, the

case is at least additional authority to the effect that the declarations of a party in a deposition are evidence of their truth on pertinent issues at the trial if offered by the adverse party. The adverse party in offering the evidence waives any objection to the hearsay rule, while the deposing party may not urge the rule as barring the evidence of his own words. The compulsory character of the deposition does not affect the character of the deponent's answers in it as admissions. If anything, their sworn character adds to the probability of their truth.

Nor does the fact that the plaintiff is suing in a representative capacity make an exception to the rule. The reasons for the rule apply with as much force to such parties as to others. The duty to protect the interest of beneficiaries and one's regard for one's own interests are not at variance in their tendency to show the truth of admissions. Until the trust is established, the duty does not exist, and statements made before or after the incumbency of the trust are therefore excluded as admissions. But while the fiduciary holds his office, he is the *persona* of the trust. The control and direction of litigation to which he is a party belongs to him as fully as though it were his personal matter, in the absence of statutory and equitable restrictions, and his words and conduct are no less available for the use of the adversary than in cases under the general rule. *Mathes* v. *Jackson*, 7 N. H. 259; *Tenney* v. *Evans*, 14 N. H. 343; *Wason* v. *Burnham*, 68 N. H. 553; Wig., Ev. (1st *ed.*), s. 1076. Moreover, the plaintiff here was beneficially interested, in part, if not in whole.

Whether the plaintiff saw the accident became a pertinent, if collateral, issue by reason of his testimony that he did not see it. It follows that the deposition was evidence to disprove as well as to discredit the testimony, and the exception is sustained.

III. After counsel withdrew his statement that the shoe exhibited had been identified, he proceeded and was allowed to argue that defendants' counsel might have found out where the shoe came from if he had seen fit to do so. It is to be assumed that the remarks were made with some purpose of effect on the jury, and the suggestion sought to be conveyed appears to be that defendants' counsel did not seek to have the shoe identified because to do so would have helped the plaintiff. While proof that the shoe was one of the decedent's was no proof that it was thrown in the air in the accident, and while it was not argued in what way the plaintiff would have been helped, there remained the implication that if the jury had all the facts before them, the plaintiff's case would be stronger. The

harmful force of the remarks thus appears, and under the rule that ‹‹The statement of unproved facts in argument, which avoids a verdict, is of facts material upon some issue in the case, or if wholly irrelevant such as are calculated to prejudice the jury'' (*Parker* v. *New Boston*, 79 N. H. 54, 56), this exception is also sustained.

*New trial.*

All concurred.