Rockingham,  }
Nov. 5, 1930. }

### STATE *v.* JOHN L. HERSOM.

434

*Ralph W. Davis,* attorney general, and *Stewart E. Rowe,* solicitor, for the state.

*Arthur L. Churchill* and *Samuel W. Emery,* for the defendant.

Snow, J.   The defendant, by taking the witness stand, subjected himself to cross-examination under the rules applicable to other wit-

nesses. *State* v. *Fogg*, 80 N. H. 533, 535; *State* v. *Travis*, 82 N. H. 220. While under the broad latitude allowed in such examinations questions as to irrelevant and immaterial matters bearing on the witness' credibility may be indulged within the sound discretion of the court, the questioner in such case is bound by the witness' answers. *Combs* v. *Winchester*, 39 N. H. 13, 17. There is no claim that the suggested crime upon the Charlton girl in June, 1928, if perpetrated, had any logical connection with that alleged to have been committed upon the Sewell child in October, 1929. Evidence of the former was incompetent in proof of the latter (*State* v. *Lapage*, 57 N. H. 245, 289, 295, 296), and was manifestly prejudicial. The defendant's denial of the earlier conduct afforded no basis for its proof by the state for the purpose of later discrediting him or for any other purpose. In the situation presented, it was "positively improper to be proved at all." *Seavy* v. *Dearborn*, 19 N. H. 351, 356; *Collins* v. *Benson*, 81 N. H. 10, 11. Nor was there any discretionary power in the court to admit such evidence against the defendant's objection. *Cooper* v. *Hopkins*, 70 N. H. 271, 274-278.

As no brief has been filed by the state, its position as to this exception is not disclosed. It may be pertinent to say, however, that the defendant's assertion that the admitted indictment for rape upon the Charlton girl was the product of blackmail and that the solicitor did not dare to try it did not put his good character in issue. Moreover, such issue if presented could not be met by the proof of a particular act. *State* v. *Lapage, supra*, 289, 296. We are unable to perceive any basis for the claim that the defendant's admission of the former indictment, accompanied by a denial of the charge therein, made the testimony of the Charlton girl competent upon any issue in the case. In view of its prejudicial character the verdict must be set aside.

This conclusion makes it unnecessary to consider the defendant's exception to the denial of his motion following the verdict, but as the case may be tried again the other exceptions to evidence have been considered.

The affidavit of Hester's mother was properly excluded. Knowing that she would deny her imputed statement of the daughter's denial of intercourse with the defendant, counsel were not entitled to make the inquiry for the mere purpose of contradicting her by other evidence. Much less were they entitled to proceed to the completion of such improper purpose by submitting the opposing affidavit. *Seavy* v. *Dearborn, supra*, 356. Having made the inquiry the defendant was bound by her answer.

Hester's testimony that she did not understand the significance of her act was clearly admissible. While the question of her consent is not here involved, her lack of moral sensibility was material not only upon the weight to be given to her evidence but as well upon the probability that sexual intercourse took place. Carnal knowledge, the essential fact required in proof of statutory rape (P. L., c 392, s. 16), was more likely to have been had with one whose sense of the propriety of her conduct was dull than with one possessing a full appreciation of its impropriety and criminal character.

Hester's testimony of a repetition of the defendant's act without objection on her part two days later, pursuant to an appointment made following the act charged, was admissible as tending to show the relationship existing at the time of such first act. The appointment, together with the consummation of its purpose tend to show that at the time of such appointment modesty had already been cast aside and the natural barriers to sexual intimacy weakened. Proof of such a salacious relationship was material upon the probability of the commission of the act charged and in corroboration of the direct evidence of its occurrence. *State* v. *Tetrault*, 78 N. H. 14, 15; *State* v. *Marvin*, 35 N. H. 22, 28; *State* v. *Knapp*, 45 N. H. 148, 156; *State* v. *Bridgman*, 49 Vt. 202, 210, 211; *Thayer* v. *Thayer*, 101 Mass. 111, 113, 114; *People* v. *Gray*, 251 Ill. 431, 440; *Penn* v. *State*, 13 Okla. Crim. Rep. 367, 374; 48 L. R. A. (N. s.) *note*, 237; 22 R. C. L., Rape, s. 40; 1 Wig. Ev. s. 398 *et seq.*

Although this testimony comes within a class where discretion may be exercised, the evidence here was so forceful on the issue that it could not be excluded in discretion as remote. *Daley* v. *Insurance Co.*, 81 N. H. 502, 506.

The order here is

*New trial.*

All concurred.