STATE *v.* CLIFFORD S. CHICKERING.

STATE *v.* JOSEPH CHRISTIAN.

*Gordon M. Tiffany*, Attorney General, *Maurice M. Blodgett*, Deputy Attorney General, *Arthur E. Bean, Jr.*, Law Assistant and *Harry C. Lichman*, County Solicitor (*Mr. Blodgett* orally), for the State.

*Upton, Sanders & Upton* and *W. H. Watson* (*Mr. Sanders* orally), for Clifford S. Chickering.

*Ernest L. Bell, Jr.* and *James S. Davis* (*Mr. Davis* orally), for Joseph Christian.

LAMPRON, J. The question of whether these respondents were to be tried jointly as requested by the State or separately as asked for by them was a matter to be decided in the sound discretion of the Trial Court. *State* v. *Demos*, 81 N. H. 318, 319; see *State* v. *Doolittle*, 58 N. H. 92; *State* v. *Fogg*, 92 N. H. 308. In the absence of a showing of an abuse of this discretion its ruling will not be disturbed by this court. *State* v. *Ellard*, 95 N. H. 217, 223. See anno. 131 A. L. R. 917.

Respondent Chickering maintains that because the State had an alleged confession of Christian, not only implicating him in the crime but also directly involving Chickering, which it intended to and did introduce in evidence, that Chickering's rights could not be safeguarded unless he was tried separately. We agree with him that the danger that the jury, although making an honest effort as instructed by the Court to limit the use of this evidence to the case of Christian, might unconsciously be influenced by it in forming their verdict against Chickering (*Day* v. *State*, 76 A. 2d 729, 731, Md. 1950) is a matter which should be given due consideration by the Court in deciding whether there is to be a joint or separate trials. However that is not necessarily a ground for granting a separate trial. *State* v. *Clapp*, 94 N. H. 62; *State* v. *Castelli*, 92 Conn. 58, 63; *Commonwealth* v. *Millen*, 289 Mass. 441.

The Court properly instructed the jury as to the use to be made of this evidence and it is to be presumed that the jury followed these instructions. *State* v. *Grierson*, 96 N. H. 36, 41. We cannot say as a matter of law that the decision of the Court ordering a joint trial of both respondents was not within its power to make (*State* v. *Demos, supra*) or was an abuse of discretion. See Orfield Criminal Procedure, *p.* 318.

The respondents argued next that the Court erred in admitting certain testimony of one Philip B. Audet, a witness called by the State. He is a brother-in-law of a sister of Chickering. When during his direct examination he could not remember the details of conversations with Chickering about the fire, State's counsel requested the Court to declare the witness hostile and to permit the State to cross-examine him. The reason given was that State's counsel was under the impression that the witness was going to give testimony in accordance with a three page statement he had previously given to investigators for the State. Under these circumstances the Court was justified in permitting the cross-examination. *State* v. *Mannion*, 82 N. H. 518, 522.

Chickering's counsel objected to the reading of the statement in the examination of the witness because it was purely hearsay. His objection was overruled and he excepted. Later during the examination he objected again and stated that the use of the statement should be limited to its effect on the credibility of the witness. The Court so ruled. Still later objection was made on the ground that the questions had not been asked before in any other way.

It was proper for the State to cross-examine the witness about

prior statements made by him in contradiction of his testimony in court. *Hurlburt* v. *Bellows*, 50 N. H. 105, 106; *Martin* v. *Towle*, 59 N. H. 31, 32; *State* v. *Mannion, supra; State* v. *Searles*, 108 Vt. 236; *People* v. *Portese*, 108 N. Y. S. (2d) 471; *Gendelman* v. *United States*, 191 F. (2d) 993, 996. See anno. 74 A. L. R. 1042. These prior statements however are not to be treated as having any substantive or independent testimonial value. *Zogoplos* v. *Brown*, 84 N. H. 134; *People* v. *Portese, supra;* 3 Wig. Ev. (3d *ed.*) 688. Consequently their use is not obnoxious to the hearsay rule. *Id.*, 687.

Nor is it necessary under our practice that the witness be first asked whether he made such declarations. *Titus* v. *Ash*, 24 N. H. 319, 322; *Villineuve* v. *Railway*, 73 N. H. 250, 251; *Thompson* v. *Morin*, 80 N. H. 144.

However it is an essential requirement to the use of his prior statements to contradict a witness that they be in fact contradictory of or inconsistent with his testimony at the trial. *Christie* v. *Company*, 87 N. H. 236, 239; 58 Am. Jur. 445. See *Cooper* v. *Hopkins*, 70 N. H. 271, 273.

Audet having stated that he did not remember any conversation he had had with Chickering about the fire on the day it occurred (except a conversation about insurance) or with anyone else it was proper for the State to cross-examine him about prior statements relative to such conversations. But the State proceeded to examine him also about prior statements he had made concerning conversations with his sister-in-law Helen and conversations overheard between her and Chickering. In the course of this examination counsel read from the statement as follows: "I heard Helen ask Clifford how much was Joe supposed to get out of setting the fire, and Clifford said five hundred dollars." Both respondents objected and asked that it be stricken. They excepted to the denial of their motion.

This portion of the statement was not in any way inconsistent with or contradictory of any testimony given by the witness in court so it was not admissible as a prior contradictory statement. Nor is the State's argument in its brief that it was admissible to refresh the witness' recollection supported by the record. The usual manner in which to refresh a witness' memory by a writing is to show it to him to see if it can awaken a present recollection of the facts in his mind which was not done in this instance. *State* v. *Hale*, 85 N. H. 403, 408. The statement was not shown to the witness nor was any question put to him concerning the portion of the statement which counsel read. Morever the fact that the State in-

quired about matters which would not have been admissible if .the witness had recalled them, such as a conversation which he had with a third person, also shows that this evidence was not being used to refresh the witness' recollection.

The receipt in evidence of the portion of the statement read by counsel for the State was an error which went to the heart of the case. In the form in which it was received, by reading from an extra-judicial statement, the evidence was pure hearsay (*Combs* v. *Winchester*, 39 N. H. 13, 17), unsworn, and not adopted by the witness on the stand. Had the witness testified to the supposed conversation between his sister-in-law and the respondent Chickering, it would have been admissible against Chickering only, and not against Christian. In the form of hearsay, it was incompetent against either respondent.

The matter stated was prejudicial to both respondents. The prejudice was increased by the fact that it was laid before the jury under favorable rulings by the court. *Cooper* v. *Hopkins*, 70 N. H. 271, 278. It was further compounded by the circumstance that no limitation was placed upon its use. Although the Court had previously ruled that use of the statement would be limited to the credibility of the witness, no such instructions were given to the jury.

That prejudice may have resulted cannot be disputed. The reported conversation, if accepted as affirmative evidence of the facts stated, warranted the inference that Christian was paid by Chickering to set the fire. This could be taken as a complete answer to Chickering's defense that he had no knowledge of any setting of the fire, and to Christian's defense that his confession was without foundation, but made in the hope of reward for assisting to convict Chickering. Under these circumstances it cannot be doubted that the verdicts should be set aside. *Baldwin* v. *Railway*, 64 N. H. 596; *Pearson* v. *Beef Company*, 69 N. H. 584; *Cooper* v. *Hopkins, supra.* Both respondents are entitled to a new trial.

*New trial.*

GOODNOW, J., took no part in the decision: the others concurred.