Carroll
No. 7291

STATE OF NEW HAMPSHIRE

v.

RONALD F. GOMES

February 27, 1976

*Warren B. Rudman,* attorney general, *Gregory H. Smith,* assistant attorney general, and *Richard B. McNamara,* attorney appearing pursuant to Rule 23 *(Mr. Smith* orally), for the State.

*Joseph J. Balliro* (of Massachusetts), by brief and orally, for the defendant.

GRIMES, J.   The issue presented in this case is whether an extrajudicial statement of a witness, written but not sworn to, which incorporates admissions of the defendant, is admissible as substantive evidence of the matters asserted therein.

The facts are not in dispute. Defendant was indicted for the murder of Gerald Cooke by the grand jury sitting at Carroll County. He was arraigned on September 20, 1974, and entered a plea of not guilty. Prior to the indictment, on February 7, 1974, defendant's cousin Richard L. Gillis was questioned by New Hampshire State Police at the Medford, Massachusetts Police Station. At

that time, Gillis signed an unsworn statement which included various admissions that the defendant had made to him. Gillis, although acknowledging that he made such statement, later denied the truth of each part of the statement while testifying before the Carroll County grand jury on March 6, 1974, and under oath on December 19, 1974, in a deposition pursuant to RSA 517:14-a (1971) *et seq.* Prior to trial, on April 10, 1975, the State filed notice of intention to offer into evidence Gillis' statement of February 7, 1974, as substantive proof of the matters stated therein, in the event that Gillis testified at trial as he did on March 6 and December 19 of that year. After a hearing, the court ruled that the extrajudicial statement in question would be admissible as substantive evidence and not merely for impeachment purposes if Gillis testified in substance as he had on March 6 and December 19. Defendant seasonably excepted to the court's ruling, and all questions of law raised by the exception were reserved and transferred. (*Johnson,* J.)

There can be no question that the out-of-court statement of Gillis containing damaging admissions of the defendant constitutes hearsay. C. McCormick, Evidence § 246, at 585 (2d ed. 1972). In order for such a hearsay declaration, which itself contains a hearsay statement, to be admissible to prove the truth of the included statement, both the statement and the included statement must meet the tests of an exception to the hearsay rule. 2 B. Jones, Evidence § 8.8, at 177-79 (6th ed. 1972). As they concern material facts, the admissions of Gomes made directly by him to Gillis would be admissible as evidence to be used against him. *Sargent v. Alton,* 101 N.H. 331, 143 A.2d 411 (1958); *Caswell v. Maplewood Garage,* 84 N.H. 241, 149 A. 746 (1930); 29 Am. Jur. 2d *Evidence* § 600 (1967). The problem in issue is that the admission, which may be used as evidence for substantive purposes, is contained in the February 7 statement of Gillis, which is itself hearsay.

It has long been established in this State that inconsistent statements of a witness, not a party, made prior to trial may be used only to discredit his testimony, and are not to be treated as having any substantive or independent value. *State v. Chickering,* 97 N.H. 368, 371, 89 A.2d 206, 208 (1952); *Zogoplos v. Brown,* 84 N.H. 134, 137, 146 A. 862, 863 (1929). In fact under our existing law, the out-of-court statement could not be used even for impeachment purposes if the State knows what the substance of the State's witness' testimony will be and is thereby not surprised by it. *State v. Hersom,* 84 N.H. 433, 435, 152 A. 276, 278 (1930). Acknowledging that this

precedent controls the instant case, the State urges us to overturn these cases and thereby reject what has been referred to as the "orthodox" approach to the admission of prior inconsistent statements.

We have considered the arguments on both sides of the question. *See Ruhala v. Roby,* 379 Mich. 102, 150 N.W.2d 146 (1967); Reutlinger, *Prior Inconsistent Statements: Presently Inconsistent Doctrine,* 26 Hastings L.J. 361 (1974); Morgan, *Hearsay Dangers and the Application of the Hearsay Concept,* 62 Harv. L. Rev. 177 (1948). The adoption of the State's view would take us to the position advocated but rejected in the Federal Rules of Evidence. *See* Federal Rules of Evidence, 28 U.S.C.A. R. 801, Historical Note at 525-26 (1975). Here the statement was not under oath (Fed. R. Ev. 801 (d) (1) (1975)) and the declarant is not unavailable as a witness. Fed. R. Ev. 804 (1975). Under the circumstances of the case, therefore, we hold that the statement is not admissible.

*Exception sustained; remanded.*

KENISON, C.J., concurred specially; the others concurred.

KENISON, C.J., concurring specially: The majority opinion correctly states the general rule followed in New Hampshire forbidding any substantive use of prior inconsistent statements. This rule is as binding on me as it is on the bench and bar of this State and, until changed by the legislature or this court, should be respected. The purpose of this special concurrence is to indicate that if a minority of this court should develop to change the rule, I would join them.

Distinguished commentators have approved general substantive use of prior inconsistent statements. 3A J. Wigmore, Evidence § 1018, at 996 (Chadbourn rev. 1970); C. McCormick, Evidence § 251, at 602-04 (2d ed. 1972); Morgan, *Hearsay Dangers and the Application of the Hearsay Concept,* 62 Harv. L. Rev. 177, 192-96 (1948); Maguire, *The Hearsay System: Around and Through the Thicket,* 14 Vand. L. Rev. 741, 767-68 (1961). "There is currently moving forward at the hands of the Supreme Court of New Hampshire a carefully deliberate extension of hearsay admissibility, case by case, shrewdly tied in each instance to the most closely related precedents but relying on a broad formula of necessity plus apparent trustworthiness." Maguire, *supra* at 774-75 and footnote 105.

There is a touch of irony in the fact that the leading case in this

State in which the general or orthodox rule was adopted without enthusiasm, Judge Allen conceded that it was carrying logic to extremes. "The rule that extrajudicial statements of witnesses not parties are evidence, not of their truth, but only to discredit their testimony . . . is an application of the hearsay principle which carries logic to extremes at the expense of ordinary processes of reasoning. That testimony may be discredited or rejected by showing the witness' extrajudicial statements in contradiction, but without permitting any finding of the truth of such statements, seems a technical distinction to the lay mind." *Zogoplos v. Brown,* 84 N.H. 134, 137, 146 A. 862, 863 (1929). There is a continuing need to let in a little sunshine on the darkness of our hearsay rules. *See* Maguire, *Hearsay Obscurity – Glimmers of Daylight,* 3 N.H.B.J. 145, 146-47, 158 (1961).