Probate Court, Hillsborough County
No. 78-001

*In re* ESTATE OF ARTHUR GERASIS

May 17, 1978

*Cullity & Kelley*, of Manchester (*John Czeciuk* orally), for the plaintiff, Olga Gerasis, heir-at-law.

*Fisher, Parsons, Moran & Temple*, of Dover (*Harold D. Moran* orally), for Sophie Gerasis, administratrix.

PER CURIAM. The question in this contest over the validity of a joint bank account is whether the court erred in excluding certain testimony offered by a party attempting to contradict one of her own witnesses.

Arthur Gerasis died intestate on September 17, 1975, leaving a widow, Sophie Gerasis, and a daughter by a prior marriage, Olga Gerasis. Sophie was appointed administratrix of the estate and an inventory was filed, which included certain bank accounts. One of the accounts was in the names of Sophie and the deceased jointly. It contained the amount of $72,054.80. Sophie petitioned the court to have the account deleted from the inventory. Olga objected, and a

hearing was held before the probate court on Olga's claim that the signature of the deceased that created the joint account was forged by Sophie. There was contradictory evidence by experts. Olga called a witness, Fay Avanitis. Asked on direct examination if she had heard Sophie say that she, Sophie, had forged the signature, the witness denied that she had heard Sophie make such a statement. Fay admitted that she had visited the home of a Virginia Chryssicos the week before the hearing, but denied discussing the validity of the signature with Olga or with Virginia. Attempts by Olga's counsel to elicit such testimony failed.

Olga's counsel then called Virginia Chryssicos and Olga as witnesses. The court ruled that these witnesses would not be allowed to testify that Fay had stated that Sophie had admitted to her that she had forged the signature of the deceased on the signature card. *Galanes*, J., transferred Olga's exceptions.

■ It is true, as Olga contends, that a party is not prevented from introducing all competent evidence even though some of it might contradict testimony of her own witnesses. *Brock v. Robinson*, 97 N.H. 334, 88 A.2d 306 (1952); *Woburn Nat'l Bank v. Woods*, 77 N.H. 172, 89 A. 491 (1914). However, the evidence Olga sought to introduce was not competent evidence on the merits of the case. On the question whether Sophie had admitted forging the signature, it was pure hearsay and inadmissible. *State v. Gomes*, 116 N.H. 113, 352 A.2d 713 (1976); *State v. Nelson*, 103 N.H. 478, 175 A.2d 814 (1961), *cert. denied*, 369 U.S. 879 (1962); *State v. Chickering*, 97 N.H. 368, 372, 89 A.2d 206, 209 (1952).

■■ Nor was Olga entitled to introduce the testimony for the purpose of contradicting her witness, Fay Avanitis, for impeachment purposes. Fay's testimony furnished no evidence on the question whether Sophie admitted forging the signature. That testimony amounted only to a denial that Fay had heard Sophie make such an admission. Disbelief in that denial would not constitute evidence from which the court could find that Sophie had made the statement. Even when a party's witness gives positive evidence damaging to the party, contradictory statements may not be introduced even on credibility unless the party is surprised by the answer. Not only was there no claim of surprise in this case, but the witness gave no positive evidence that was damaging to Olga. Thus this case differs from *Bedford School Dist. v. Caron Constr. Co.*, 116 N.H. 800, 367 A.2d 1051 (1976) and *Pridham v. Cash & Carry Bldg. Center Inc.*, 116 N.H. 292, 359 A.2d 193 (1976). The court did not abuse its discre-

tion, therefore, in not allowing Olga to cross-examine her. The introduction of the offered evidence would not have required a different ruling.

Olga argues that the court erred in not directing the witness Fay to answer certain questions asked by Olga's counsel. A review of the transcript reveals no improper action by the court in this regard.

*Exceptions overruled.*