Grafton
No. 83-526

THE STATE OF NEW HAMPSHIRE

v.

RENEE NADEAU

February 21, 1985

*Gregory H. Smith*, attorney general (*T. David Plourde*, assistant attorney general, on the brief and orally), for the State.

*James E. Duggan*, appellate defender, of Concord, by brief and orally, for the defendant.

KING, C.J.    The defendant was convicted of aggravated felonious sexual assault under RSA 632-A:2 (Supp. 1983) following a jury trial in Superior Court (*Johnson*, J.). The defendant's first trial had ended in a hung jury. The defendant argues on appeal that the judge in the second trial made three errors. These asserted errors were: first, that the judge erred by effectively overruling the decision of the first trial judge regarding the admission into evidence of a confession by the defendant; second, that the judge erred in instructing the jury that the defendant's confession, which was admitted during cross-examination of the defendant and in rebuttal testimony, could be used to determine guilt or innocence; and, third, that the judge erred in failing to exclude testimony in which a police officer stated his opinion concerning the victim's credibility. We find no error and affirm the defendant's conviction.

The defendant was arrested on February 14, 1983, and charged with aggravated felonious sexual assault on a nine-year-old boy, shortly after the boy gave an account of the incident to the Canaan police. At the Canaan police station, the defendant, who is illiterate, was read a *Miranda* rights waiver form. He told police that he understood his rights and then signed the waiver form in the presence of a literate friend, who signed as a witness. Two police officers testified at the second trial that, after initially denying the charge, the defendant was taken to a room where he spoke first to one police officer and then to both officers and orally confessed to them that he had committed the offense. However, the two officers testified that they did not make a report of the confession because the Canaan police chief told them that, due to the defendant's illiteracy, the confession would be inadmissible as evidence at trial.

On the day of the defendant's first trial, the police for the first time informed the county attorney of the post-arrest confession. The judge at the first trial excluded the defendant's statement from

being admitted into evidence. *See* SUPER. CT. R. 98 (prosecutor must furnish defendant with copy of confession and statement whether confession will be offered at trial, within five days after entry of not guilty plea). When the jury failed to reach a verdict, the judge declared a mistrial. Prior to the second trial, the prosecution supplied the defendant with copies of police reports on the confession, but apparently did not state that the prosecution would seek to use the confession at trial.

The judge at the defendant's second trial ruled that the prosecution could not use the confession in its case in chief. However, following a hearing on a motion to suppress the confession, the trial court ruled that the confession was made voluntarily, and that it could be used on cross-examination of the defendant and in rebuttal testimony. Relying on the test set out in *State v. Goddard*, 122 N.H. 471, 446 A.2d 456 (1982), the court ruled that the State had proven beyond a reasonable doubt that the confession was made voluntarily, knowingly and intelligently. The court further ruled that the defendant, although illiterate, was read and understood his *Miranda* rights before making the confession. Finally, the court ruled that at the time of the second trial the defendant was fully aware that the State had a confession and that court rules intended to avoid the surprise use of evidence were therefore inapplicable and were waived by the court in the interest of fairness.

The confession was subsequently admitted into evidence during the State's cross-examination of the defendant (who could not recall making an incriminating statement), and later referred to in rebuttal testimony by two police officers.

One of the policemen, Officer Deery, testified on rebuttal that, prior to obtaining the confession during the station-house interrogation, he had said to the defendant: "Mr. Nadeau, this is a nine year old boy we are talking about, and the story that he has told is much to [sic] elaborate to really disbelieve." The defense counsel objected to this testimony on the ground that the witness was offering his opinion as to the boy's thoughts. The court overruled the objection and issued a limiting instruction to the jury that it should consider the officer's statement "merely to set the scene" for the defendant's statements and not for the truth of the matter asserted concerning the boy's statement to the police.

During final instructions to the jury on what use it may make of evidence regarding the confession, the judge stated: "Now, if you find that there was a confession and that it was made in keeping with the constitutional safeguards that I have spelled out for you . . . , then you may utilize that confession in deciding whether or not the accused is guilty or not guilty of this crime."

The defendant did not object or take an exception to this jury instruction. He had, however, requested alternative jury instructions, one of which stated in part: "The earlier contradictory statements are admissible only to impeach the credibility of the witness, and not to establish the truth of these statements." Because the defendant's requested jury instructions were filed after closing arguments, the trial judge ruled that the requested instructions were late, and he did not in fact use the defendant's requested instruction on prior inconsistent statements.

The defendant first argues that it was error to permit the use of the defendant's confession at the second trial during cross-examination and rebuttal testimony, when it was not admitted in the first trial. He contends that the second trial judge was bound by the first trial judge's ruling that the confession was not admissible and, also, that because Superior Court Rule 98 was violated, the confession should have been excluded.

Superior Court Rule 98 (Rule 98) requires that, within five days after a not guilty plea, the prosecution furnish the defendant with a copy of a confession and notify the defendant whether the confession will be used at trial. Rule 98, however, provides no sanction for failure to comply with its terms. In *State v. Comtois*, 122 N.H. 1173, 1175, 453 A.2d 1324, 1325 (1982), we discouraged the overly technical application of court rules.

■■ Discovery rules have become liberalized in recognition of the concept that "the ends of justice are best served by a system which gives both parties the maximum amount of information available, thus reducing the possibility of surprise at trial." R. McNamara, 1 Criminal Practice and Procedure § 511, at 334 (1980). Generally, the admissibility of evidence is within the trial court's discretion. *State v. Thresher*, 122 N.H. 63, 71, 442 A.2d 578, 582 (1982). In determining whether evidence ought to have been excluded when there has not been compliance with Rule 98, we will not reverse the trial court's ruling unless it constitutes an abuse of discretion.

■ As a threshold matter, we reject the defendant's assertion that the judge was bound by the exclusion of the confession in the first trial for a violation of Rule 98. No rule or case in this State binds a second judge to a previous trial judge's suppression ruling. *See State v. French*, 119 N.H. 500, 505, 403 A.2d 424, 427 (1979) (Douglas, J., dissenting).

■ In the instant case, the trial judge waived the requirements of Rule 98 in the second trial because the prosecution had made a

good faith effort to comply with the rule by supplying the defendant with copies of police reports on the confession prior to the second trial, so that the defendant could not have been surprised by the use of the confession. In deciding to admit the confession during cross-examination and rebuttal testimony despite technical noncompliance with Rule 98 by the prosecution, the judge nevertheless afforded the defendant the protection against surprise that underlies discovery rules. *See* R. MCNAMARA, *supra* at 334. We therefore conclude that the ruling to admit the confession was well within the trial court's discretion.

The defendant's second argument is that the judge erred in instructing the jury that the confession could be used to determine guilt or innocence. Relying on *State v. Gomes*, 116 N.H. 113, 352 A.2d 713 (1976), the defendant contends that because the confession was used as a prior inconsistent statement, the jury should have considered it only as it relates to the defendant's credibility and not for substantive purposes. The defendant acknowledges that he failed to object or except contemporaneously to the jury instruction, as required to preserve the issue for appeal. *See State v. Niquette*, 122 N.H. 870, 873, 451 A.2d 1292, 1294 (1982); *State v. Lister*, 122 N.H. 603, 607, 448 A.2d 395, 398 (1982).

He nevertheless contends that his submission of a requested jury instruction on prior inconsistent statements of witnesses corrected any failure to object by putting the judge on notice of the applicable law, even though the judge found the requested jury instruction was untimely filed. The defendant also contends that the judge's jury instruction on the confession was so egregiously unfair as to constitute plain error, so that appeal ought not to be foreclosed by the rule requiring contemporaneous objection and exception.

A defendant waives an issue for appeal by failing to preserve it with a timely objection and exception. *State v. Niquette supra; State v. Lister supra*. This rule affords the trial court an opportunity to correct an error it may have made and is particularly appropriate where an alleged error involves a jury instruction. *State v. Niquette supra*. Because the defendant did not make a timely objection or exception to the judge's instruction, we find that he has waived his right to appeal the issue.

In any event, the rule that a prior inconsistent statement may be used only to impeach the credibility of a witness, and not for substantive purposes, applies to the testimony of a *nonparty* witness and not to the otherwise admissible out-of-court statements of a defendant. *State v. Gomes*, *supra* at 114, 352 A.2d at 714. The defendant's reliance on *Gomes* is therefore misplaced, and his pro-

posed jury instruction does not state the law applicable to the defendant's statement. Accordingly, the trial court's jury instruction was proper under the circumstances.

The defendant's final argument is that the trial court erred in permitting a police officer to testify as to the victim's credibility because the testimony was irrelevant and highly prejudicial. The defendant contends that the police officer's testimony as to the boy's credibility invaded the province of the jury to determine questions of credibility and was unnecessary to the jury's understanding of the defendant's subsequent confession.

The admissibility of evidence initially depends on relevancy. *State v. Leuthner*, 124 N.H. 638, 641, 474 A.2d 1029, 1030 (1984). Approaching the issue by viewing the evidence in the light most favorable to the prevailing party, we apply a standard of logical relevancy. *Id.* Here, the judge gave the jury an instruction to limit consideration of the officer's statement to setting the stage for the defendant's subsequent confession and not for any opinion contained in the officer's testimony. We find that the trial judge acted properly in concluding that the officer's statement was relevant to establishing the context of the defendant's confession. *See State v. Sands*, 123 N.H. 570, 611, 467 A.2d 202, 228 (1983) (evidence relevant as "general background information").

A trial judge may exercise broad discretion when he balances the possible prejudice resulting from the admission of evidence against the probative value of the evidence. *State v. Fernald*, 123 N.H. 442, 444, 462 A.2d 122, 124 (1983). In limiting the scope of admissibility of the police officer's testimony in the manner that he did, the judge minimized any prejudice flowing from the officer's characterization of the victim's out-of-court statements to police. In doing so, the judge did not abuse his discretion and, consequently, we find no error.

*Affirmed.*

All concurred.