## STATE *v.* LOUGHLIN.

A public record may be proved by an examined copy sworn to by an unofficial witness.

ATTACHMENT FOR CONTEMPT, for violation of an injunction against a liquor nuisance.

At the trial James E. French was called as a witness by the government, and testified that he was collector of internal revenue for the district of New Hampshire, and had been summoned to produce certain records or memoranda kept in his office, and that, under instructions from the commissioner of internal revenue, he declined to produce them or to furnish copies. He testified that a record was required to be kept in his office containing an alphabetical list of persons paying special revenue taxes, which is open to public inspection, and contains the name of the party paying the tax, his business, place of business, date of payment, amount of tax paid, and the time for which it is paid, and the serial number of the stamp issued to him. The business is designated by letters " R. L. D." signifying retail liquor dealer.

Frank K. Chase was then called as a witness by the government, and testified that he had that morning personally examined the alphabetical list in the office of the collector of internal revenue, containing the names of persons paying special taxes for the year 1889; that the name of Peter Loughlin appeared upon it ; and that he had made a true copy of the record relating to him, which he produced. Subject to exception, the copy was received in evidence.

The court found the defendant guilty.

*J. Kivel*, solicitor, for the state.

*W. F. Nason*, for the defendant.

BLODGETT, J. It is a general principle, that whenever documents or books of a public nature would of themselves be evidence if produced, their contents may be proved by immediate copies, duly verified (*Forsaith* v. *Clark*, 21 N. H. 409, 419) ; and when the proof may be by a copy, an examined copy, duly made and sworn to by any competent witness, or a copy certified by the officer having legal custody of the book or document, is alike admissible. *Whitehouse* v. *Bickford*, 29 N. H. 471; *State* v. *Lynde*, 77 Me. 561; 1 Gr. Ev., *s.* 485; Best Ev. (Morgan's ed.) *ss.* 485, 486 ; 1 Stark. Ev. (3d ed.) 226 ; Abb. Tr. Ev. 50.

No objection appearing to the competency of Chase as a witness, the copy of the record made and sworn to by him was properly admitted.

*Exceptions overruled.*

CLARK, J., did not sit: the others concurred.