Hillsborough, ⟩
May 3, 1927. ⟨

Joseph A. Plante, *Adm'r, v.* Manchester.
Alfred J. Roberge *v.* Same.

58

*McLane & Davis* (*Mr. John P..Carleton* orally), for the plaintiff.

*Thomas J. Bois*, for the defendant.

BRANCH, J.   The only grounds of objection suggested by counsel to the questions which were actually put to the witness and answered were (1) that the fact sought to be proved was immaterial and (2) that the answers might involve hearsay.   The only formal objection made was based upon the second ground.

After the third question had been answered by the witness, another objection was made, evidently in anticipation of further examination along the same line, that the proper way to prove a conviction was

by a court record. This objection was obviously prospective in its purpose and operation as indicated by the statements of counsel, — "I am not anticipating what this witness may answer. I don't know what he may answer" —; and by the ruling of the court, — "The same ruling applies here as before, that Mr. Roberge must only tell what he himself knows." No further questions upon the subject were in fact asked of the witness. Finally an objection was made to the introduction of any record of Plante's conviction, upon the ground that it was immaterial and an exception taken to the ruling of the court that it would be admitted, but when the record was finally offered and further objection made, the offer was withdrawn.

It thus appears that counsel, by his exceptions and objections, invoked three rules of evidence, viz: — (1) the rule excluding irrelevant facts, (2) the hearsay rule, (3) the "best evidence" rule. All of the objections were evidently designed to prevent the giving of unfavorable answers by the witness. No objection was made to the form or the content of the questions themselves. On account of the negative nature of the answers and the failure of the defendant to press the subject further, no violations of any of these rules, in fact, took place. The objection now urged against the questions, that they involved a testimonial assertion by counsel of the fact that Plante had a criminal record, was not suggested to the trial court. It is well settled that this court will not consider grounds of exceptions not specified or called to the court's attention at the trial. *Monteith* v. *Company*, 82 N. H. 175, 176; *State* v. *Isabelle*, 80 N. H. 191, 192; *Mason* v. *Railway*, 79 N. H. 300, 305.

The order must, therefore, be

*Exceptions overruled.*

All concurred.