THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* LLOYD ANDERSON, Appellant.

First Department, November 18, 1932.

*Clyde Dart* of counsel [*Leroy Campbell,* attorney], for the appellant.

*John C. McDermott, Assistant· District Attorney,* of counsel [*Thomas C. T. Crain, District Attorney*], for the respondent.

MARTIN, J. The defendant was indicted pursuant to section 1897 of the Penal Law for the crime of criminally having and possessing a firearm, in that on the 29th day of January, 1932, he had in his possession without a written license therefor a certain revolver and pistol of a size that might be concealed upon his person.

In addition to admitting a previous conviction for a felony, the defendant admitted the possession of the instrument in question and that he did not have a written license to carry a pistol. Inasmuch as the court ruled that the instrument was a pistol there were no questions of fact for the jury to decide. Under the indictment the only offense for which the defendant could have been convicted was the possession of a pistol or revolver without a written license therefor, as provided by subdivision 4 of section 1897 of the Penal Law. (See Laws of 1921, chap. 297, amdg. said statute.)

The record is not entirely clear in its description of the alleged pistol. It having been received in evidence, an examination thereof is possible. It is about the size and has the appearance of ·an ordinary fountain pen made of very heavy metal. It has no butt, trigger or sight. It is about five inches long and weighs about three ounces. It is equipped on one side with a device which may be snapped like a trigger and is primarily for the discharge of tear gas.

The trial judge held that for the purposes of the statute the definition of a pistol was an instrument which will explode gunpowder and project a missile. The instrument in question will do both.

The defendant contends that the test is not whether it *can* discharge a missile by the explosion of gunpowder. · He says the

test is " was it made for that purpose." The appellant also says the alleged pistol was never fired by hand; that there is no evidence in the case to show that a pistol cartridge can be discharged in a tear gas fountain pen without a very real risk of serious injury to the person who attempts to discharge the cartridge; that under the definition of " pistol " or " firearm " this fountain pen is not classed as a pistol or revolver.

The pistol expert of the police department testified that he conducted two experiments with the instrument and succeeded in discharging two cartridges from it. He exploded a .38 calibre shot cartridge and a .30 calibre Lueger cartridge into a board at a distance of about sixteen to eighteen inches. The Lueger bullet penetrated to the rear of the board which was about three-quarters of an inch thick. With respect to this fact, he said: " From my tests and experiments on human tissues, dead human tissues, anything that will penetrate that amount of wood, if it doesn't strike bone, will almost completely go through a human body."

With respect to the mechanism of this instrument he testified as follows: " There was a knob projecting beyond the shell. That is fastened to the firing pin and compression spring. When that is drawn rearward, the spring is compressed. When it is released, the firing pin is driven forward, and comes through the center of that opening. That hits the primer in the cartridge in the barrel and fires it."

The witness testified that in his opinion the Lueger bullet upon being discharged from this instrument would travel a distance of two or three blocks or about 800 or 900 feet.

The argument of the defendant that this instrument was never fired by hand was met by the testimony of a witness for the People who testified that he had fired similar instruments by hand and offered to discharge a bullet by hand from the instrument in the presence of the jury.

In defining a firearm, Mr. Justice McAvoy in *People* v. *Schmidt* (221 App. Div. 77) said: " That a ' firearm ' necessarily connotes the action of a chemical explosive such as gunpowder, which action is in the nature of combustion of some sort in a weapon, is doubtless the commonly accepted usage. The definition of a firearm commonly given is: ' A firearm is a weapon which acts by the force of gunpowder ' (40 Cyc. 852). In the Supreme Court of Alabama in the case of *Atwood* v. *State* (53 Ala. 508) a statute reading ' a pistol, or firearm of any description,' was construed as referring to ' a weapon acting by the force of gunpowder.' ' A pistol,' said the court ' is a small, light firearm.' "

There may be a chemical explosion with gunpowder in the

instrument here under consideration. When discharged there is combustion and those other elements present that constitute it a firearm. The language of the statute clearly intended to prohibit the possession without a permit (Penal Law, *supra*) of an instrument such as this, for it provides " any pistol, revolver, *or other firearm.*"

We are of opinion that the indictment which charges the defendant with having in his possession " a certain pistol and a certain revolver, each of the same being of a size which might be then and there concealed upon the person " is sufficient to cover the instrument found upon the person of the defendant.

No particular form or shape is necessary to constitute a pistol. While the instrument in question may appear to be harmless, it becomes a very deadly weapon when used as a pistol. In this particular case, in order to deceive the public, and prevent detection, the instrument is given the harmless appearance of a fountain pen. That the weapon is dangerous was demonstrated by the fact that a bullet was discharged as from any ordinary revolver. The great force possible and the very substantial nature of this metal machine are apparent only by experimental use.

To permit the sale or possession of such an instrument would be to encourage the carrying of concealed weapons by means of a very clever ruse.

The conviction was proper and should be affirmed.

FINCH, P. J., O'MALLEY and TOWNLEY, JJ., concur; McAVOY, J., takes no part.

Judgment affirmed.