Keene District Court,
No. 5309.

STATE *v.* JOSEPH F. UMBRELLO, JR.

Argued April 6, 1965.
Decided June 30, 1965.

*William Maynard,* Attorney General and *Peter W. Smith,* Attorney (*Mr. Smith* orally), for the State.

*Bell, Bell & Shortlidge* (*Mr. J. R. Shortlidge, Jr.* orally), for the defendant.

KENISON, C. J. The question to be decided in this case is whether a loaded tear gas pencil is a loaded pistol within the meaning of RSA ch. 159. The defendant is charged with the violation of RSA 159:4 which reads as follows: "CARRYING WITHOUT LICENSE. No person shall carry a loaded pistol or revolver in any vehicle or concealed upon his person, except in his dwelling house or place of business, without a license therefore as hereinafter provided. A loaded pistol or revolver shall include any pistol or revolver with a magazine, cylinder, chamber or clip in which there are loaded cartridges. Whoever violates the provisions of this section shall be fined not more than

one hundred dollars, or imprisoned not more than one year, or both." A pistol as used in this statute is defined as follows: "DEFINITION. Pistol or revolver, as used herein, means any firearm with barrel less than twelve inches in length. It does not include antique weapons incapable of use." RSA 159:1.

The tear gas pencil is less than six inches in length and in appearance resembles a fountain pen and has a clip on it similar to the clip of a pencil or fountain pen. At the time the tear gas pencil was taken from the defendant it was loaded with a tear gas shell and concealed upon his person. A search of his person and his vehicle revealed no shells, cartridges or ammunition other than the tear gas shell. The defendant had no license to carry a pistol or firearm. An expert witness for the State testified to an experiment that he made with the tear gas pencil. By using and inserting a steel adapter or auxiliary chamber he was able to fire a .410 standard gauge shotgun shell or a 45 auto rim revolver cartridge from the tear gas pencil. The expert witness stated that in his opinion the tear gas pencil was a pistol and a firearm but conceded that it was not a firearm as defined in the National Firearms Act. 26 U.S.C.A., s. 5841 et seq. The witness was in doubt whether a shotgun shell or a cartridge could be fired from the tear gas pencil without rupturing the barrel unless a steel adapter or auxiliary chamber was used as he did in his experiment.

The mere fact that this tear gas pencil resembles a fountain pen and does not look like a pistol has little significance in determining its character. *People* v. *Anderson*, 236 App. Div. 586, 260 N.Y.S. 329; *Commonwealth* v. *Butler*, 189 Pa. Super. 399; *Scurfield* v. *Federal Laboratories, Inc.*, 335 Pa. 145. In *United States* v. *Decker*, 292 F. 2d 89 (6th Cir. 1961), it was held that a tear gas gun capable of firing a shotgun shell was a firearm within the meaning of the National Firearms Act, 26 U.S.C.A., ss. 5841, 5851. However, in that case experiments with the tear gas gun showed that it could fire a .410 gauge shotgun shell without rupturing the barrel or causing any structural damages thereto. In that case the court made the following pertinent comments at page 90: "The weapon in question was a tear gas gun. The difference between this gun and the conventional tear gas pencil is that the pencil usually fires a much smaller container of gas." It was also stated that " . . . a tear gas gun capable only of discharging tear gas would not be considered as a firearm." *Cf. United States* v. *Fogarty*, 344 F. 2d 475, 478 (6th Cir. 1965).

On the evidence in the present case the State failed to prove that the tear gas pencil found on the defendant could be used except with alteration or adaptation for any purpose other than the discharge of tear gas. This is not a loaded pistol or firearm within the meaning of RSA 159:1, 4. See *United States* v. *Decker, supra.*

The controlling statute (RSA ch. 159) in this case was passed in 1923 (Laws 1923, *c.* 118), prior to the passage of the Uniform Firearms Act and the Uniform Pistol Act, both of which have now been superseded or declared obsolete. The defendant is not charged with carrying a dangerous weapon (RSA 585: 26, 27) and the question whether a tear gas pencil is a dangerous weapon is not before us. *Bates* v. *Taylor*, 115 W. Va. 4; Annot. 92 A.L.R. 1098.

Some significance may be attached to the fact that many states have specifically regulated or prohibited the use of tear gas guns or tear gas pencils but this has not been done in this state. Furthermore, RSA 159:1, 4 was not intended to, and by its definition does not prohibit the possession of a loaded tear gas pencil of the type involved in this case. Statutes in other states with a more comprehensive definition of firearms are not authority for including tear gas pencils under RSA ch. 159. See Mass. House Report No. 3075, Report of the Department of Public Safety on its Investigation and Study of the Laws Pertaining to the Sale, Rental, Leasing, Carrying and Use of Firearms and the Possession, Carrying and use of Dangerous Weapons, dated November 26, 1956, *p.* 16. See also, A.L.I., Model Penal Code, secs, 5.06 and 5.07 and comments, *pp.* 66-81 (Tent. Draft No. 13, 1961). Defendant's motion to dismiss should be granted.

*Remanded.*

All concurred.