## LEONARD ONEAL DOUGLAS v. STATE OF MARYLAND

[No. 53, September Term, 1977.]

*Decided October 17, 1977.*

The cause was submitted on briefs to THOMPSON, MELVIN and WILNER, JJ.

Submitted by *Alan H. Murrell, Public Defender,* and *Geraldine Kenney Sweeney, Assistant Public Defender,* for appellant.

558

Submitted by *Francis B. Burch, Attorney General, Leroy Handwerger, Assistant Attorney General, William A. Swisher, State's Attorney for Baltimore City,* and *James F. Schneider, Assistant State's Attorney for Baltimore City,* for appellee.

MELVIN, J., delivered the opinion of the Court.

On January 13, 1977, Leonard O. Douglas, appellant, was tried without a jury in the Criminal Court of Baltimore and convicted of unlawfully carrying a handgun in violation of Md. Ann. Code Art. 27, § 36B (b) (1976 repl. vol.). He was given a suspended sentence of one year and was placed on two years probation. Appellant contends on appeal that he was improperly convicted because the evidence failed to show that the weapon, a $CO_2$ pellet gun, having the appearance of a pistol, was a "handgun". We agree.

In *Howell v. State,* 278 Md. 389, 396, 364 A. 2d 797 (1976) the Court of Appeals stated the following rule as to what constitutes a handgun within the meaning of the statute:

> ". . . [F]or this device to be a handgun it must be a firearm or it must be readily or easily convertible into a firearm. We further conclude that to be a firearm it must propel a missile by gunpowder or some such similar explosive . . . ."

In the instant case, there is sufficient evidence that the weapon does "propel a missile". There is no evidence, however, that the missile is propelled by "gunpowder or some such similar explosive". In its brief, the State, citing *Howell v. State, supra,* concedes that "the record is silent insofar as presenting any evidence whatsoever indicating that the pellets were expelled by gunpowder or some similar explosive or that the pellet gun was easily convertible into . . . a firearm" and therefore "there is no legally relevant evidence that the pellet gun in question was a handgun within the meaning of Article 27, Section 36B".

In *Todd v. State,* 28 Md. App. 127, 343 A. 2d 890 (1975), we expressed the belief that the declaration of policy forming

part of the handgun statute "indicat[ed] an intent to include [within the meaning of 'handgun'] any hand weapon simulating the appearance of a pistol or revolver that is capable of discharging a missile by *any* method of propulsion". (Emphasis added.) The Court of Appeals' decision in *Howell, supra,* tells us we were wrong and we now expressly overrule *Todd v. State, supra.*

As there is no evidence in this case that carbon dioxide ($CO_2$) is an explosive similar to gunpowder or that the weapon is "easily convertible into a firearm", the judgment of conviction must be reversed. *Pharr v. State,* 36 Md. App. 615, 375 A. 2d 1129 (1977); *Tisdale v. State,* 30 Md. App. 334, 353 A. 2d 653 (1976).

*Judgment reversed.*

*Costs to be paid by Mayor & City Council of Baltimore.*