Hillsborough
No. 82-562

# HENRY J. BRIEN & a.

v.

# GILBERT E. WILEY & a.

February 29, 1984

*Craig, Wenners & McDowell P.A.*, of Manchester (*Joseph F. McDowell, III*, on the brief and orally), for the plaintiffs.

*Hatfield & Bosse P.A.*, of Hillsborough (*Margaret-Ann Moran* on the brief and orally), for the defendants.

SOUTER, J.    The plaintiffs brought this action under RSA 498:5-a to quiet title to a rectangular tract of about forty acres lying between their undisputed property and that of the defendants in Francestown. Following a trial in which the defendants appeared *pro se*, the Superior Court (*Flynn*, J.) approved the recommendation of a Master (*Peter J. Bourque*, Esq.) that a decree be entered in favor of the plaintiffs. On this appeal, the defendants claim the master erred in allowing withdrawal of their prior counsel before trial, in excluding a so-called "tax book" from evidence, in excluding copies of records of deeds in their chain of title, and in finding that the plaintiffs had sustained their burden of proof. We find merit only in the claim that there was error in excluding copies of records of deeds, and for that reason we reverse.

The principal spokesman for the defendants at trial was the defendant Gilbert Wiley. It is clear from a review of the record that he was wholly unfamiliar with trial procedure and rules of evidence. From the transcript it appears that Mr. Wiley sought to introduce a map or diagram purporting to illustrate subjects of conveyances in a chain of title that would tend to support the defendants' claim to the tract in question. The plaintiffs' counsel objected to the introduction of the map on the ground of insufficient foundation. Thereupon the master observed that "certified copies of the deeds" in the chain of title would constitute such a foundation. Mr. Wiley replied that he had copies of the deeds.

While the record is not entirely clear, we read his statement as an offer to produce handwritten copies of records in the registry of deeds, made by his wife, the co-defendant. Mrs. Wiley was on the stand when the offer was made. Mr. Wiley then voiced his fear that such copies were insufficiently "legal," and the master agreed. As a result the copies were excluded, as was the map. The defendants took

no exception to the master's refusal to admit the copies offered. They now argue the exclusion was error.

■ Before reaching the merits, we first consider the effect of the defendants' failure to take an exception to the master's ruling. As a general rule, we will not consider claims of error in excluding evidence unless supported by prompt exception under circumstances that indicate the reason for the error claimed. *See State v. Shute*, 122 N.H. 498, 505, 446 A.2d 1162, 1166 (1982). We hold that an exception is not required, however, with respect to an issue on which the trial judge has undertaken to explain the law to a party appearing *pro se*, if the judge has not also explained the exception requirement.

■ In the present case, the master volunteered to explain what would be required as foundation for the admission of the map into evidence, but he did not explain how an exception might be taken if the defendants wished to claim his explanation was erroneous and subject to appeal. We will therefore consider the defendants' claim even though they took no exception.

■ We now turn to the merits. The master rejected what we take to have been the defendants' offer of handwritten copies of relevant public records, on the ground that the copies had not been certified by the seal and signature of the register of deeds. Such certification of a copy of an otherwise relevant public record is sufficient to prove its authenticity as an accurate copy of the original. RSA 516:30; *State v. Ward*, 118 N.H. 874, 395 A.2d 511 (1978). But certification is not the exclusive way to authenticate such a document.

■■ One alternative method of proving authenticity is by a competent witness who testifies on the basis of personal examination that the copy offered is an accurate copy of the public record. *State v. Loughlin*, 66 N.H. 266, 20 A. 981 (1890). Mr. Wiley's offer of copies made by his wife, the co-defendant, then on the stand, entitled him to the opportunity to establish through her testimony that the copies offered were correct. If the testimony had established this, it would have satisfied the authentication requirement for admissibility. The master's observation that restricted authentication to certification denied the defendants this opportunity to establish the admissibility of the documents and was erroneous.

■ We note that if the master had found the handwritten copies admissible he would have had the discretion to require the substitution of photocopies that might have been easier to read. The distinc-

tion between photocopy and handwritten copy is not, however, relevant on the issue of authentication.

*Reversed and remanded for new trial.*

All concurred.