Hillsborough
No. 85-512

## The State of New Hampshire

v.

## Harry St. John

December 30, 1986

2

*Stephen E. Merrill*, attorney general (*William H. Lyons*, assistant attorney general, on the brief), by brief for the State.

*Joanne Green*, assistant appellate defender, of Concord, by brief for the defendant.

BROCK, C.J.   The defendant, Harry St. John, was convicted on two indictments charging possession of a .357 Dan Wesson handgun and possession of a dirk-knife by a convicted felon in violation of RSA 159:3 (Supp. 1986). The sole issue on appeal is whether the Trial Court (*Bean*, J.) erred in refusing to give the defendant's requested jury instruction on the definition of a firearm. We find no error and affirm.

Following an unsuccessful effort to sell a handgun, the defendant, a convicted felon, was arrested and charged with possession of a handgun and a dirk-knife by a convicted felon. RSA 159:3 (Supp. 1986). This statute provides in pertinent part that "[n]o person who has been convicted in this or any other state of a felony . . . shall own or have in his possession or under his control a pistol, revolver, or any other firearm, . . . dirk-knife, or any other dangerous weapon." RSA 159:3 (Supp. 1986).

In instructing the jury, the trial judge accurately paraphrased RSA 159:3 (Supp. 1986) and then provided the definition of a pistol or revolver as set out in RSA 159:1. A "[p]istol or revolver, as used herein, means any firearm with barrel less than 16 inches in length. It does not include antique pistols or revolvers." RSA 159:1. Upon completion of the charge, defense counsel asked the court to give the jury an instruction defining "firearm," as suggested in his requested jury instructions. The requested definition of a firearm was that set out in *State v. Beaudette*, 124 N.H. 579, 581, 474 A.2d 1012, 1014 (1984). In *Beaudette*, "firearm" was defined as "a weapon from which a shot is discharged by gunpowder." *Beaudette supra* (citing WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 854 (1961)). The trial judge refused to give the requested instruction, finding that the present case did not pose the issue, as in *Beaudette*, as to whether the weapon in question was a firearm. The defendant was convicted on both charges and now appeals.

The defendant argues on appeal that the trial judge's recitation to the jury of the statutory provisions was not sufficient in this case to communicate the applicable law. He further asserts that because the definition of a firearm was clarified by this court in *Beaudette*, it must be included in the judge's instructions to ensure that the jurors have before them the proper standards of law to apply.

"A trial judge's primary duty in charging the jury is to clarify the issues of the case, and to assist the jury in understanding the questions to be resolved." *State v. Bird*, 122 N.H. 10, 15, 440 A.2d 441, 443 (1982). The judge must state the applicable law in clear and definite language. *Id.* The propriety of the jury instruction at issue must be determined not by looking at the single instruction in isolation, but by considering the instructions in their entirety. *Id.*; *State v. Sands*, 123 N.H. 570, 613, 467 A.2d 202, 230 (1983). The trial court need not use the specific language requested by a party, provided that the court's charge adequately states the relevant law and standards to be used by the jury. *Sands supra*; *see also State v. Fennelly*, 123 N.H. 378, 390, 461 A.2d 1090, 1097 (1983); *State v. Taylor*, 121 N.H. 489, 495–96, 431 A.2d .775, 779 (1981). Whether or not a jury instruction on a particular issue is necessary to assist the jury in reaching its verdict is a decision to be made by the trial court in the sound exercise of its discretion. *State v. Shannon*, 125 N.H. 653, 662, 484 A.2d 1164, 1172 (1984).

In deciding not to give the requested instruction, the trial judge explained that the defendant was charged with possession of a specific item, namely a .357 Dan Wesson handgun, and that no issue existed as to whether that handgun was a firearm. This finding is supported by the record and consistent with our holding in *Beaudette*, 124 N.H. at 581, 474 A.2d at 1014.

During the trial, the State frequently referred to the handgun as a "firearm." Defense counsel never suggested during trial that the gun was other than a firearm. For instance, the weapon was described as a "firearm" several times during the trial without objection by defense counsel. The weapon was marked and received into evidence as a Dan Wesson .357 magnum revolver. At one point, the revolver was shown to a witness and referred to as a "firearm." In neither instance did defense counsel object or otherwise indicate that he was claiming that the revolver was not a firearm. Not until his closing argument did defense counsel suggest that the State failed to provide any evidence that the revolver was a firearm.

In *Beaudette*, the weapon in question was identified as a pellet gun propelled by pneumatic force, and the issue was raised as to whether such a gun was a firearm. *Beaudette*, 124 N.H. at 581, 474 A.2d at

4

1013. The present case is clearly distinguishable because testimony at trial supports the trial court's conclusion that an instruction on the definition of a firearm was not necessary in this case. The actual revolver was introduced into evidence at trial as State's Exhibit Number Two. A box of Federal brand ammunition and cartridges were found in the defendant's possession, and testimony by a police officer revealed that bullets were found in the chambers of the gun. In addition, further testimony indicated that the owner of the handgun had recently used it to hunt deer and bear. The evidence, and rational inferences to be drawn therefrom, support the trial court's conclusion.

█ Accordingly, we conclude that the trial court's decision not to give the requested instruction was proper under the circumstances of this case, and was not an abuse of discretion.

*Affirmed.*

All concurred.