Strafford
No. 86-041

### THE STATE OF NEW HAMPSHIRE

v.

### JOHN CASSELL, JR.

December 30, 1986

*Stephen E. Merrill*, attorney general (*Barbara R. Keshen*, assistant attorney general, on the brief), by brief for the State.

*Joanne Green*, assistant appellate defender, of Concord, by brief for the defendant.

### MEMORANDUM OPINION

In this appeal from convictions for kidnapping, false imprisonment and attempted felonious sexual assault, the defendant chal-

lenges a portion of the charge delivered by the Superior Court (*Temple*, J.) to guide the jury in considering evidence that the defendant had fled after the commission of the offenses charged. We affirm.

The court gave the following instruction:

> "There has been testimony in this case relative to the defendant sleeping in a car after [sic] his arrest. I won't get into the facts that relate to that, but if you determine that that represents, in viewing all the circumstances, either hiding or flight, you are allowed to infer guilt from that. But again, the circumstances surrounding that and any explanations made of that are to be considered by you in determining whether or not in fact it does show a consciousness of guilt on the part of the defendant."

■ The defendant concedes that evidence of post-offense flight is admissible to show consciousness of guilt, *State v. Glidden*, 123 N.H. 126, 134, 459 A.2d 1136, 1141 (1983), and hence guilt itself. *State v. Barry*, 93 N.H. 10, 13, 34 A.2d 661, 663 (1943). His appellate counsel argues, nonetheless, that the instruction was erroneous in failing to explain that an inference of consciousness of guilt from post-offense flight was merely permissible, not mandatory, and in failing to indicate that evidence of flight was only one item of circumstantial evidence that could be considered as bearing on guilt.

The trouble with these arguments is that they have nothing to do with the objection to the instruction as taken by the defendant's trial counsel:

> "[M]ay I take exception on the record about your charge of consciousness of guilt. I disagree with the Court, and I think that the fact he slept in the car right in Dover, New Hampshire, at night, in his sister's car, does not mean he was involved in a flight. I think that the charge is extremely unhelpful to a fair trial."

Trial counsel thus objected on the ground that the court had charged that sleeping in a car was tantamount to flight. It is obvious from reading the quoted instruction, however, that the court said no such thing; it charged the jurors that they might consider the significance of flight only "if you determine that [sleeping in a car] represents, in viewing all the circumstances, either hiding or flight. . . ."

■■ The defendant concedes as much by abandoning his trial counsel's ill-taken position in favor of other objections, but because the latter were not raised in the trial court, they may not be raised

here on appeal. It is well settled in this State that this court will not consider grounds of objections not specified or called to the court's attention at the trial. *See Plante v. Manchester*, 83 N.H. 57, 59, 138 A. 314, 315 (1927); *State v. Laliberte*, 124 N.H. 621, 621, 474 A.2d 1025, 1025 (1984); N.H. R. Ev. 103(b)(1). In any case the defendant loses nothing by the failure to have raised his appellate arguments as trial objections. The instruction explained that the inference of guilt from flight was merely permissible ("... you are allowed to infer guilt...."; "... the circumstances ... and any explanations ... are to be considered...."). And it is impossible to read the entire sixteen-page charge as indicating that the jury should consider evidence of flight in isolation from, or to the exclusion of, the other extensive evidence consisting of nineteen exhibits and the testimony of eight witnesses. *See State v. Sands*, 123 N.H. 570, 613, 467 A.2d 202, 230 (1983) (soundness of instructions should be assessed in context of entire charge).

*Affirmed.*