Hillsborough
No. 88-258

THE STATE OF NEW HAMPSHIRE

v.

MICHAEL WOOD

August 23, 1989

*John P. Arnold*, attorney general (*Ellen F. McCauley*, attorney, on the brief and orally), for the State.

*Joanne Green*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

BROCK, C.J. The defendant, Michael Wood, appeals from his conviction in the Superior Court (*Goode*, J.) for aggravated felonious sexual assault, RSA 632-A:2 (Supp. 1988), contending that the trial court erred in giving instructions to the jury which suggested a step-by-step method by which the jury was to determine the defendant's guilt. We affirm.

The defendant shared a household with a live-in companion, her three children, and his companion's sister, her husband, and their four children. On March 8, 1987, the defendant was at home babysitting the seven children, including the victim, his companion's seven-year-old niece. While the other children watched television, the defendant took the victim into a bedroom, removed her underwear, and briefly inserted his finger into what she

described at trial as her "private." When the victim's parents returned home, she told them of the incident. The next day, her parents had the victim examined by an advanced registered nurse practitioner specializing in pediatrics who determined that the victim had recently suffered trauma to her vaginal area.

In April, 1987, the defendant was indicted for committing aggravated felonious sexual assault by knowingly engaging in sexual penetration with a seven-year-old child. RSA 632-A:2, XI (Supp. 1988); RSA 632-A:1, V(e) (Supp. 1988). Both the victim and the nurse practitioner testified during the two-day jury trial. The court concluded a lengthy charge to the jury with the following statement:

"Now madam forelady I'm going to suggest to you that when you begin your deliberations, as a first order of business that you and the jury decide what of the evidence to believe and what of the evidence not to believe. And from that group of evidence which you choose not to believe, my suggestion is that you discard it, because if you don't believe it then it should play no role in your deliberations. And from the evidence you chose [sic] to believe, the evidence which you find credible, go back and ask yourself, ask yourselves the following question, does the jury unanimously find beyond a reasonable doubt that the defendant Michael Wood knowingly engaged in sexual penetration with a person who was less than 13 years of age? Bearing in mind that when we talk about knowingly, did he know what he was doing, was he aware of his conduct, and sexual penetration meaning intrusion however slight of any part of the actor's body into the genital opening of the victim's body. Let me just repeat that question again for you so that you'll have it firmly in mind. From the credible evidence, does the jury unanimously find beyond a reasonable doubt that the defendant Michael Wood knowingly engaged in sexual penetration with a person who was less than 13 years of age? If the answer to that question is unanimously yes, you should come in here with a guilty verdict. If the answer to that question is that some of you say yes and some of you say no, then you have not concluded your deliberations. Whatever the conclusion is it must be unanimous. If he's guilty, all twelve of you are going to have to say so. If he's not guilty, all 12 of you are going to have to say so. If it's evenly split or if it's split in some other fashion, some say yes and some

say no, then you have not reached a verdict. Just continue your deliberations until you reach a unanimous verdict."

The defendant's counsel objected to that

"portion of the Judge's instruction to the jury .... where the Judge suggests the method by which the jury should go about their deliberations, specifically that he sugested [sic] that they first take the evidence and decide what to discard and keep and then suggests that they ask themselves a specific question and that is, do they unanimously agree that the defendant is guilty or not guilty, and then go on from there."

The defendant's attorney argued that the instruction "invaded the province of the jury" because "the jury has now been told how they should do their deliberations." The court overruled the objection, and the defendant brought this appeal.

The defendant contends that in its jury charge, the trial court suggested a specific, step-by-step method by which the jury was to determine the defendant's guilt, and that this instruction denied the defendant an impartial jury. *See* N.H. CONST. pt. I, art. 15. We disagree.

The scope and wording of jury instructions is generally within the sound discretion of the trial court. *See State v. St. John,* 129 N.H. 1, 3, 523 A.2d 26, 28 (1986). We will determine the propriety of disputed instructions by considering them in their entirety. *State v. Saucier,* 128 N.H. 291, 299, 512 A.2d 1120, 1126 (1986); *State v. Bird,* 122 N.H. 10, 15, 440 A.2d 441, 443 (1982). In *State v. Surette,* 130 N.H. 531, 544 A.2d 823 (1988), we held that the trial court abused its discretion in submitting a form of written special questions to the jury which included four yes or no questions which each asked whether the jury unanimously found beyond a reasonable doubt an element of the offense charged. *Id.* at 533, 535, 544 A.2d at 824, 825. The court then instructed the jury to find the defendant not guilty if it answered any of the questions "no." *Id.* at 533, 544 A.2d at 824. This court held that the form suggested that if the jury answered all the special interrogatories "yes," it had to find the defendant guilty. *Id.* at 535, 544 A.2d at 825. We held that the form "was more than an aid to the deliberation process; it also set the tone of the deliberations by directing the jury down a path towards a guilty verdict." *Id.*

We find that, unlike *Surette,* in this case the court did not invade the province of the jury by diverting jurors "from any reasonable line of factual analysis they might otherwise have pursued." *State v. Prisby,* 131 N.H. 57, 59, 550 A.2d 89, 90 (1988). The court did not, as the defendant asserts, give the jury a step-by-step method by which to determine the defendant's guilt. Rather, the court merely orally advised jurors to base their deliberation upon the credible evidence. Because the court's suggestion to examine first the credibility of the evidence in no way directed the jury to find the defendant guilty, *see Surette supra,* the instruction did not deny the defendant an impartial jury. *See* N.H. CONST. pt. I, art. 15.

The defendant also presents three other arguments. He first contends that the court improperly implied that the defendant had committed certain acts when it recommended that the jury members ask themselves: "did [the defendant] know what he was doing[?]," and "was he aware of his conduct[?]," because whether the defendant had committed these acts was a question of fact for the jury to determine. Second, he asserts that the court improperly emphasized that sexual penetration meant "intrusion however slight" by repeating that phrase in the concluding section of the jury instructions after the court had already explained the elements of the offense charged. Finally, he argues that the court improperly failed to instruct the jury that it should return a verdict of not guilty if it did not unanimously find beyond a reasonable doubt that the defendant knowingly engaged in sexual penetration with a person who was less than thirteen years old, when the court instructed the jury that it should return a guilty verdict if it did so find. *See State v. Wentworth,* 118 N.H. 832, 838–39, 395 A.2d 858, 862–63 (1978).

We do not address these arguments because we do "not consider grounds of objections not specified or called to the court's attention at the trial." *State v. Johnson,* 130 N.H. 578, 587, 547 A.2d 213, 218 (1988) (quoting *State v. Cassell,* 129 N.H. 22, 24, 523 A.2d 40, 41 (1986)). This rule "is particularly appropriate where an alleged error involves a jury instruction." *Id.* (quoting *State v. Nadeau,* 126 N.H. 120, 125, 489 A.2d 623, 626 (1985)). In this case, the defendant's only objection was that the court suggested a method by which the jury should conduct its deliberation. We therefore decline to address the additional issues raised on appeal.

*Affirmed.*

All concurred.