Merrimack
No. 91-115

THE STATE OF NEW HAMPSHIRE

v.

DONALD TAYLOR

August 27, 1992

*John P. Arnold*, attorney general (*Geoffrey J. Ransom*, attorney, on the brief), by brief for the State.

*James E. Duggan*, chief appellate defender, of Concord, by brief for the defendant.

THAYER, J.   The defendant, Donald Taylor, was convicted of theft of a firearm, RSA 637:11 (Supp. 1991). He argues on appeal that the Superior Court (*Manias*, J.) erred in not dismissing his indictment because there was insufficient evidence to prove that the firearm was capable of discharging a projectile by force of gunpowder at the time of the offense. Because the State was not required to prove operability at the time of the offense, we affirm.

In the spring of 1989, the defendant and his roommate, Bruce Bailey, lived in an apartment in Franklin. Bailey kept a number of firearms in the apartment. In April, the defendant and Bailey had a discussion about the guns and, in particular, a Colt .45 caliber semi-automatic Model 1911 handgun. A short time later, Bailey left the apartment for two weeks. Upon his return he found that the handgun was missing. Bailey reported the theft to the Franklin police on May 30, 1989. On May 1, 1989, the defendant had sold a Colt .45 handgun to Alton Chase, who took the firearm to the Franklin police station to determine whether it could be registered. Later, after Bailey reported the theft, an officer obtained the handgun from Chase, and Bailey identified it as his missing Colt .45 handgun.

The defendant argues that the State is required to prove, as an element of the offense of theft of a firearm, that the weapon was capable of discharge at the time of the offense. The defendant contends that the bullets were so corroded at the time of the offense that "it was almost impossible to get them out of the clip" and that there was no testimony that the weapon "was capable of firing." Neither the statute nor our case law, however, requires proof of operability at the time of the offense as an essential element of theft of a firearm.

RSA 637:11 provides in part: "Theft constitutes a class A felony if: . . . [t]he property stolen is a firearm . . . ." The legislature has not, however, defined the term "firearm."

We interpreted the term "firearm" in *State v. Beaudette*, 124 N.H. 579, 474 A.2d 1012 (1984). The question presented was whether a pellet gun was a firearm within RSA 650-A:1 (Supp. 1983) (now RSA 650-A:1 (1986)), felonious use of a firearm. In determining the plain meaning of the term, we looked to Webster's Third New International Dictionary, which defines a firearm as "a weapon from which a shot is discharged by gunpowder." *Beaudette*, 124 N.H. at 581, 474 A.2d at 1014 (quotation omitted). Although we noted that courts in other jurisdictions "determined that gunpowder and the capability of discharge are the distinguishing features of a firearm," none of the cases cited required proof of operability at the time of the offense. *Id.* Rather, the cases to which we referred define a firearm as an object having either the design or the capacity to propel a projectile by force of an explosion. *See State v. Johnson*, 8 Kan. App. 557, 558, 657 P.2d 1139, 1141 (1983) (firearm is determined by its design or its capacity to propel a projectile); *Douglas v. State*, 37 Md. App. 557, 558, 378 A.2d 189, 189–90 (1977) (firearm must propel a missile by gunpowder or similar explosion); *State v. Lawr*, 263 N.W.2d 747, 749 (Iowa 1978) (firearm must be able to propel a projectile by gunpowder). After reviewing these cases, we held that "since the pellet from the defendant's gun was propelled by pneumatic force . . . it was not a 'firearm' within the meaning of RSA 650-A:1 (Supp. 1983)." *Beaudette*, 124 N.H. at 581, 474 A.2d at 1014.

█ We agree with the defendant that "[t]here is no indication that the legislature intended that a different definition of firearm be applied to the theft statute than the felonious use statute." Thus, to determine whether the weapon is a firearm we ask whether the weapon is designed to, or is capable of, discharging a shot by gunpowder, not whether it was capable of discharge at the time of the offense.

In a more recent case, *State v. St. John*, 129 N.H. 1, 2, 523 A.2d 26, 27 (1986), the defendant asked the trial court to give the jury an instruction defining "firearm" as we did in *Beaudette*: "a weapon from which a shot is discharged by gunpowder." The defendant was charged with possession of a handgun by a convicted felon, RSA 159:3 (Supp. 1983) (now RSA 159:3 (1990)), which provides in pertinent part: "No person who has been convicted in this or any other state of a felony . . . shall own or have in his possession or under his control a pistol, revolver, or any other firearm . . . ." We held that the trial court did not err in refusing to give the requested instruction because the defendant was charged with possession of a .357 Dan

Wesson handgun and, based upon the testimony at trial, no real issue existed as to whether that handgun, which was designed to propel bullets by gunpowder, was a firearm. *Id.* at 3–4, 523 A.2d at 28.

■■ In this case, as in *St. John,* based upon the testimony at trial, there is no real issue as to whether the handgun was a firearm. Moreover, even if we were to read a requirement of capability of discharge at the time of the offense into the definition of "firearm," the evidence presented would satisfy such a requirement. The gun was used for target practice nine months before it was reported stolen. Bailey kept the gun loaded and hidden in his bedroom. Chase, who purchased the gun and owns a similar handgun, testified that the gun was in "excellent" mechanical shape. Finally, after purchasing the gun, Chase cleaned, oiled, and reloaded the gun.

For all of the above reasons, we hold that the State was not required to prove that the handgun was capable of discharge at the time of the offense.

*Affirmed.*

All concurred.