Strafford
No. 92-728

THE STATE OF NEW HAMPSHIRE

v.

JOHN SKIDMORE

December 30, 1993

*Jeffrey R. Howard*, attorney general (*Jeffrey A. Meyers*, assistant attorney general, on the brief and orally), for the State.

*David M. Rothstein*, public defender, of Stratham, by brief and orally, for the defendant.

THAYER, J.   After a jury trial in Superior Court (*Nadeau*, J.), the defendant, John Skidmore, was convicted of one count of forgery, RSA 638:1 (1986 & Supp. 1992), and one count of receiving stolen property, RSA 637:7 (1986). He appeals his convictions, arguing: (1) the trial court abused its discretion in admitting evidence of a prior conviction pursuant to New Hampshire Rule of Evidence 609(a); and (2) the trial court's admission of this evidence without a limiting instruction so prejudiced his case that he is entitled to a new trial. We reverse based upon the defendant's second argument and, thus, do not address the first.

■   Here, over the objection of the defendant, the trial court admitted evidence of the defendant's 1985 conviction for burglary during his cross-examination. The trial court, however, never instructed the jury that this evidence was to be considered only for impeachment purposes and not as substantive evidence that the defendant committed the crime for which he was being tried. We have held that when a trial court admits evidence of a defendant's prior conviction for impeachment purposes pursuant to Rule 609(a), it *must* give a limiting instruction. *See State v. Cote*, 108 N.H. 290, 297, 235 A.2d 111, 116 (1967) (decided before the 1985 adoption of the rules of evidence, but based upon a similar common law rule and former RSA 516:33), *cert. denied*, 390 U.S. 1025 (1968); *see also State v. Hunter*, 132 N.H. 556, 561–62, 567 A.2d 564, 568 (1989); *State v. Bruce*, 132 N.H. 465, 470, 566 A.2d 1144, 1147 (1989). While the admission of prior convictions is permissible, evidence of a prior crime is inherently prejudicial to the defendant, and the use of a prior conviction to show a disposition to commit the crime charged or as evidence of the crime charged would violate the defendant's due process rights. *Cote*, 108 N.H. at 297, 235 A.2d at 116; *cf.* N.H. R. Ev. 404(b). We hold, therefore, that the admission of evidence pursuant to Rule 609(a), absent an instruction limiting the use of this evidence to impeachment, is error unless the defendant specifically waives his right to such instruction on the record. *Cf. Hunter*, 132 N.H. at 562, 567 A.2d at 568 (defendant may choose as a matter of trial tactics to refuse curative instructions regarding evidence of prior bad acts).

■   The State contends that the defendant, by failing either to request a limiting instruction or to object to the trial court's failure

to provide one, waived his right to raise this claim on appeal. We disagree. We have not directly addressed whether a defendant need object to the failure of the trial court to give a limiting instruction in this context. In *Hunter*, however, we stated that "[a]lthough the trial court must provide limiting instructions when prior convictions of the defendant are introduced into evidence to impeach his credibility, no such obligation exists, *absent a request from counsel*, when uncharged criminal acts are disclosed to the jury." *Hunter*, 132 N.H. at 561–62, 567 A.2d at 568 (emphasis added); *see Bruce*, 132 N.H. at 470, 566 A.2d at 1147–48. It follows directly that, where evidence of a prior conviction is admitted solely for impeachment purposes pursuant to Rule 609(a), a trial court's obligation to give a limiting instruction exists even absent a request or objection. Here the trial court was well aware of this responsibility. During a bench conference in which the defendant moved to exclude the prior convictions evidence, the trial court noted:

> "But the jury, you know, whether they follow it or not, the jury has to be told that they can't consider these convictions on the issue of whether he committed this offense, but it's for whatever evidence they want to — for whatever basis they want to use it on credibility. Yes, people with prison records end up with worse credibility than ministers."

Further, while we have consistently refused to review issues not raised in the trial court, *see State v. Wood*, 132 N.H. 162, 165, 562 A.2d 1312, 1314–15 (1989), we have found narrow exceptions to this rule, *see State v. Brodowski*, 135 N.H. 197, 200, 600 A.2d 925, 926–27 (1991); *Brien v. Wiley*, 124 N.H. 573, 575, 474 A.2d 1015, 1016 (1984). Here, because we determine that the failure to give a limiting instruction in this context is error even in the absence of a request for such an instruction, we define another equally narrow exception to the contemporaneous objection requirement and find that the defendant's argument was preserved.

We also reject the State's argument that the failure of the trial court to give the required limiting instruction was harmless error. The erroneous admission of evidence is harmless only if it is determined, beyond a reasonable doubt, that the verdict was not affected by the admission. *State v. Eldridge*, 134 N.H. 118, 123, 588 A.2d 1222, 1225 (1991). The State argues that the evidence against the defendant was overwhelming. "[I]t is not a question whether the evidence, apart from that erroneously admitted, would support a finding of guilt, but whether it can be said beyond a reasonable doubt

that the inadmissible evidence did not affect the verdict." *State v. Ruelke*, 116 N.H. 692, 366 A.2d 497, 498 (1976).

■ In the instant case, almost the entirety of the State's case against the defendant was circumstantial. Patricia Mosher's pocketbook was taken from a parked car, and her Massachusetts license and a check written to her for $100 were taken from the purse, which was later recovered. On the same day, Bonnie Hede, a teller at the Fleet Bank in Dover, cashed this check when it was presented to the bank by the defendant, who produced Mrs. Mosher's license as verification for the signature as well as his own identification. The defendant testified that he had obtained the check as endorsed, as well as the Massachusetts license, from a hitchhiker he picked up; that the hitchhiker resembled the picture on the license; and that he cashed the check on her behalf in exchange for a "joint." The prior conviction that was admitted into evidence concerned a 1985 burglary conviction, and in the absence of a limiting instruction, the jury may well have considered the prior conviction as substantive evidence of the defendant's guilt in this case. While the crimes actually charged were forgery and receiving stolen property, the prosecutor brought out on cross-examination that the defendant was quite familiar with the park from which the purse was stolen. The prosecutor then immediately referred to the prior burglary conviction, perhaps giving to the jury the impression that the defendant had acted similarly on this occasion and had himself broken into the car to steal the purse. Given these facts along with the circumstantial nature of the evidence against the defendant, we cannot say beyond a reasonable doubt that the admission of the burglary conviction, absent a limiting instruction, did not affect the jury's verdict.

*Reversed and remanded.*

All concurred.