Strafford
Nos. 93-452
    93-832

### THE STATE OF NEW HAMPSHIRE

v.

### JEROME E. CASSELL

October 24, 1995

*Jeffrey R. Howard*, attorney general (*Jeffrey S. Cahill*, assistant attorney general, on the brief and orally), for the State.

*David M. Rothstein*, assistant appellate defender, of Concord, on the brief and orally, for the defendant.

*Jerome E. Cassell*, by brief, *pro se.*

### MEMORANDUM OPINION

BATCHELDER, J. After a trial in the Superior Court (*Nadeau*, J.), the jury convicted the defendant, Jerome E. Cassell, of aggravated felonious sexual assault. In this appeal, the defendant asserts that the trial court erred by admitting evidence of the defendant's prior convictions without a limiting instruction to the jury. We affirm.

The defendant argues that the trial court committed reversible error by failing to instruct the jury on the proper use of the defendant's prior convictions. Before trial, the court granted the State's request to introduce the defendant's prior convictions for burglary and grand larceny to impeach the defendant's credibility, should he testify. The defendant subsequently elected to discuss these convictions during his direct testimony, and the State referred

to them on cross-examination. The defendant did not request a limiting instruction.

A trial court must provide a limiting instruction when evidence of prior convictions is introduced to impeach a defendant's credibility pursuant to New Hampshire Rule of Evidence 609(a). *See State v. Bruce*, 132 N.H. 465, 470, 566 A.2d 1144, 1147 (1989). In *State v. Skidmore*, 138 N.H. 201, 636 A.2d 64 (1993), we held that the admission of such evidence without an instruction limiting its use to impeachment "is error unless the defendant specifically waives his right to such instruction on the record." *Id.* at 202, 636 A.2d at 65. Because the rule announced in *Skidmore* is an exception to the contemporaneous objection requirement, we limited its applicability to circumstances in which the evidence of a prior conviction is admitted for impeachment purposes during cross-examination pursuant to Rule 609(a). *See id.* at 203, 636 A.2d at 66.

■■ In this instance, unlike *Skidmore*, the defendant's prior convictions initially came to light during the defendant's own direct testimony, and not during cross-examination pursuant to Rule 609(a). Consequently, the exception outlined in *Skidmore* does not apply. In the circumstances of this case, the trial court could reasonably have determined that the defendant's counsel elicited this information as a matter of trial tactics and that counsel did not want to call further attention to it through an instruction to the jury. *Cf. State v. Hunter*, 132 N.H. 556, 562, 567 A.2d 564, 568 (1989); *Bruce*, 132 N.H. at 470, 566 A.2d at 1148. Moreover, the defendant did not request a limiting instruction. In view of the defendant's decision not to request such an instruction, we conclude that the trial court did not err in admitting this evidence without limiting its purpose.

We have considered the defendant's remaining arguments and find them to be without merit. *See Vogel v. Vogel*, 137 N.H. 321, 322, 627 A.2d 595, 596 (1993).

*Affirmed.*

All concurred.